[Department Two. — January 29, 1884.]

# TIMOTHY PAIGE, APPELLANT, *v.* LEVI CARTER, RESPONDENT.

EVIDENCE—DELIVERY OF INSTRUMENT.—Parol evidence is admissible to show that a promissory note was delivered at a date other than that which it bears upon its face, but a case will not be reversed for a refusal to admit such evidence when the date of delivery is immaterial to any issue made in the case.

ID.—WITNESS—REFRESHING MEMORY FROM MEMORANDUM.—A witness may refresh his memory by reference to a memorandum, although it was not made by him, nor at the time the occurrences took place, if made under his directions at any time when the fact was fresh in his memory.

ID.—COUNTER-CLAIM.—Items of a counter-claim accruing after the commencement of the action cannot be given in evidence.

ID.—COMPOSITION—PERFORMANCE OF AGREEMENT.—A creditor who has joined in a composition agreement cannot object that the sum due him has not been paid in accordance with its exact terms, if he afterwards agrees to different terms, and receives payment accordingly.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The action was upon a promissory note. The remaining facts are stated in the opinion of the court.

*Schell & Treat,* and *Pillsbury & Titus,* for Appellant.

*W. E. Turner,* and *Stanton L. Carter,* for Respondent.

SHARPSTEIN, J. — If it would make any material difference whether the note sued on was delivered at the date it bears on its face, or at some subsequent time, evidence tending to prove that it was delivered at the latter date should have been admitted. But in view of the plaintiff's own testimony we think the date of the delivery of the note immaterial. One of the defenses set up by the defendant is that after making the note sued on he compromised with all his creditors, including the plaintiff, by agreeing to pay them twenty-five per cent of their respective claims, and that they all accepted that sum in full satisfaction of said claims. The date of that agreement is posterior to the date which the note bears on its face; but the plaintiff claims that the note was not delivered until after said agreement was made, and therefore was not affected by it. By the agreement all the creditors of the defendant, including the

plaintiff, promised to accept said twenty-five per cent of the amount of their claims in full payment and satisfaction of all claims, demands, or other indebtedness of whatever kind or nature then due them from defendant; and plaintiff testified on the trial that, "all the indebtedness of the defendant had matured prior to the date of the agreement of compromise. All his indebtedness to me of whatever kind, whether this note in suit or others, or whatever it was, all had matured prior to the date of the compromise referred to." If the defendant fulfilled the agreement on his part, the indebtedness for which the note was given was paid, satisfied, and discharged before the commencement of this action. That indebtedness had matured before the date of the compromise agreement and was clearly included in it. If the defendant did not fulfill on his part, the indebtedness for which the note was given was not satisfied and discharged. The date of the delivery of the note being immaterial, the exclusion of evidence in regard to it, and the denial of the plaintiff's motion to amend his complaint, by alleging a delivery after the composition agreement was entered into, could not prejudice him.

The objection to the defendant's referring to a memorandum to refresh his memory while testifying was properly overruled. Although not made at the time the occurrences took place, nor by witness himself, if made under his direction at any time when the fact was fresh in his memory, it was proper to allow him to refresh his memory by it. (Code Civ. Proc. § 2047.)

But in support of his counter-claim he should not have been permitted to testify to work done for the plaintiff after the commencement of the action. And the testimony in regard to the relations which had existed between plaintiff and defendant was irrelevant, and the objections to its introduction should have been sustained.

In regard to the plaintiff's alleged cause of action, the court in effect charged the jury : —

1. That the note sued on was included in the composition between the defendant and his creditors, of whom the plaintiff was one.

2. That the plaintiff agreed to advance the sums to be paid under that agreement to creditors other than himself, and to

advance to defendant the amount necessary to pay the expenses of harvesting and marketing defendant's wheat crop of that year; the same to be shipped to and sold by plaintiff in order that he might reimburse himself for said advances.

3. That plaintiff made said advances, and defendant shipped said wheat to plaintiff, who sold the same for $1,383.77 more than the aggregate of the sums advanced by the plaintiff; and if said excess was equal in amount to the sum due plaintiff under said composition, it was a full satisfaction of the note sued on.

These facts are doubtless established by the evidence beyond controversy; and if the fact of the plaintiff's having realized from the sale of the wheat a sum sufficient to reimburse him for his advances, and to pay him twenty-five per cent of the amount due on said note at the date of said composition, satisfied and extinguished the indebtedness for which said note was given, there is nothing in the charge, as we view it, of which the plaintiff can justly complain.

Although, by the terms of the composition, the payment of twenty-five per cent of the claims of creditors was to be made on or before the 10th of February, 1876, it is admitted that the plaintiff agreed to advance the money to pay them, at the stipulated time, and to wait for reimbursement until the defendant's crop was harvested and sold. It seems to us that the plaintiff cannot now be heard to object that the sum due him under the composition was not paid according to its terms.

It was error to charge the jury that the defendant could recover under his counter-claim for services and material furnished by him to the plaintiff during the year 1879. The action was commenced on the 23d of October, 1879, and the defendant could only recover so much of his counter-claim as existed at that time. (Code Civ. Proc. § 438.)

Judgment and order reversed.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.