## CONVERSE *v.* HOBBS.

On a bill in equity between partners for an accounting and for winding up the concern, a private cash-book kept by one of them may be admitted in evidence to show that he has accounted to the firm for money collected by him on partnership account.

BILL IN EQUITY, for an accounting between the plaintiff and the defendant as copartners, and for a settlement and winding up of their partnership affairs. Two suits at law between the same parties were tried, in connection with the bill, at the same time. Facts found by a referee.

To show that the defendant had accounted to the partnership for debts due the firm which he had received in goods on his private account, a private cash-book belonging to the defendant, which was unknown and inaccessible to the plaintiff, was admitted in evidence subject to exception by the defendant.

*Wm. F. Nason,* for the plaintiff.

*Dodge & Caverly,* for the defendant.

ALLEN, J. One of the suits is a bill in chancery for an accounting between the parties as copartners, and the referee allowed in evidence the private cash-book of the defendant, to show that he had accounted for debts due the firm and collected by him on his private account. The defendant being a witness, might, for the purpose of refreshing his recollection, refer to and read the items in his cash-book as memoranda of payments made at the time of the transactions (*Webster* v. *Clark,* 30 N. H. 245, *Putnam* v. *Goodall,* 31 N. H. 419); and the case does not show that any use was made of the book beyond enabling the defendant, who testified, to refresh and verify his recollection. The cash entries in the book were themselves evidence of the payment of sums of money not exceeding $6.67 at one time. *Bailey* v. *Harvey,* 60 N. H. 152. And in equity proceedings by the English practice in chancery and by the rules of the federal courts in this country, the master before whom the account is taken may examine the parties upon oath, and require the production of any books, papers, or other documents applicable to the items of the account. 3 Gr. Ev., ss. 332, 333. If the legislation of this state enabling parties to testify has to some extent removed the necessity for the production of books and papers in evidence, the common-law rule, by which their production for examination might be required, has not been abolished, the legislative intent being to enlarge, and not to narrow, the field of evidence. *Page* v. *Whidden,* 59 N. H. 507. In stating the account between the parties, there was no error of law in the admission of the defendant's cash-book in evidence.

The defendant claims that he is not liable to account to the plaintiff for one half the loss occasioned by the firm's giving an accommodation note to Butters, and which the plaintiff renewed by giving another note in his own name soon after the dissolution of the copartnership. In the agreement for the dissolution, the plaintiff took the stock in trade, continued the business, was to collect the outstanding claims, and pay the firm's indebtedness, after which he was to account to the defendant for one half of any balance, and the defendant was to pay to the plaintiff one half of any deficit. In renewing the accommodation note, the plaintiff signed his name alone for convenience, and it was never understood that in doing so he assumed the firm debt, but it was understood by both parties that this liability should be borne by them equally. The plaintiff having paid it, it became the duty of the defendant to share one half the burden, according to his agreement and understanding; and the referee's allowance of this item is sustained. Nor is the plaintiff liable to the defendant for his failure to collect this claim of Butters when the firm note became due and Butters was in a condition to meet it. It was, at that time, equally the duty of the defendant to exercise diligence in the collection of the claim. *Hollister* v. *Barkley*, 11 N. H. 501, 511.

The employment by the defendant of his own time and services and the services of the firm's laborers and teams about his private enterprises and for his individual benefit, was a use by him of so much of the partnership property, and for the value of that use he was properly charged.

The defendant claims that the bill cannot be maintained, because the plaintiff made an agreement to purchase the stock, continue the business, collect, so far as might be done, the debts, and pay the liabilities of the firm, and after that have an accounting; and further, that the only remedy of the plaintiff was by a suit at law for contribution, and of the defendant a suit for his share of the balance. The agreement itself determined nothing, excepting a dissolution of the partnership and who should wind up its affairs. An accounting was provided for, and the bill in equity is an appropriate proceeding for the purpose. The exceptions are overruled, and there must be a decree for the plaintiff for the amount found due by the referee.

*Decree for the plaintiff.*

BINGHAM, J., did not sit: the others concurred.