THE NORTH HUDSON COUNTY RAILWAY COMPANY, PLAIN-
TIFF IN ERROR, v. JOHN MAY, DEFENDANT IN ERROR.

1. A corporation, being a collection of individuals, acting through its officers and agents, who are admitted to testify in cases where the corporation is a party, cannot be said to be under legal disability, and the opposing party in a suit can be examined as a witness.
2. A written statement made by the conductor of a car, in the line of his duty, giving details of the accident, immediately after it happened, is not admissible in evidence, but the facts must be proved by the conductor or others who witnessed the occurrence.
3. If the conductor be sworn he may use the written statement to refresh his memory.

On error to the Hudson Circuit.

Argued at February Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the plaintiff in error, *J. C. Besson* and *J. B. Vredenburgh.*

For the defendant in error, *M. T. Newbold.*

The opinion of the court was delivered by

PARKER, J.   John May brought suit against the North Hudson County Railway Company, for damages resulting from personal injuries received by him, caused by the alleged negligence of said company. The trial resulted in a verdict for the plaintiff, and judgment was entered thereon.

The first error assigned is, that the court admitted the plaintiff below to be sworn and give evidence in the cause. It is contended that the plaintiff in error, a corporation aggregate, being only an artificial person, incapable of speaking and giving testimony, the opposing party cannot be permitted to testify, because of the provision of the statute which provides that no party shall be sworn where the opposite party is prohibited by any legal disability from being sworn as a witness.

It is true that a corporation is an artificial being, invisible and intangible, but it is a collection of individuals united in one body, acting and speaking through its officers and agents. Since the law which enacts that interest in the event shall not disqualify a witness, the officers and agents as well as stockholders, are admitted to testify. So long as they are admitted as witnesses, the corporation cannot be said to be under legal disability.

The court was right in admitting May as a witness.

The next error assigned is the refusal of the court to nonsuit. When the plaintiff in the suit rested, it appeared from the testimony that he was at the time of the accident riding on a horse car of the company, and was thrown off in consequence of the sudden starting of the car by the driver. It also appeared that the car inside was full of passengers, that the platform on which May was riding was crowded, and also that the rear platform was full. It also appeared that he stood on the front platform, holding on, when the violence of the sudden jerk caused by the driver whipping his horses threw him off the car. It further appeared that May was riding as a passenger on defendant's car, in the only place he could find. The driver had received him as a passenger, and was bound to exercise care towards him, so as to carry him safely. When the case was rested on the part of May, it had been proved that the company was negligent in starting the car suddenly, with force and speed sufficient to throw him off the platform, and there was no evidence that May had contributed to the accident.

The court did right in refusing to nonsuit.

After the motion to nonsuit was refused, the company proceeded to call witnesses, and introduced evidence to contradict the testimony which had been given as to the negligence of the company, and also to prove negligence on the part of May. Witnesses swore that May was not on the car when the accident occurred, but at the time was trying to get on the car while it was in motion. Also that the driver did not whip the horses to start the car.

The case was submitted to the jury upon the evidence pro-
duced on both sides, which was contradictory. The motion
to nonsuit was not renewed, nor was the court asked to in-
struct the jury to find for the company.

Under the circumstances, the refusal to nonsuit, if wrong,
cannot now be taken advantage of. The case was tried on its
merits, and the jury gave credence to the testimony offered on
the part of May. Upon writ of error the court will not set
aside the judgment even if it be thought that the verdict was
against the weight of evidence. There must be some error in
the instructions to the jury by the court, or in refusing to
charge, or in the admission or rejection of evidence at the
trial, to justify reversal.

The next error assigned is that the court refused to receive
in evidence a statement made by the conductor of the car, re-
duced to writing by the president of the company the morn-
ing after the accident. When the paper was offered in evi-
dence the court asked counsel in what view of the case he
thought the evidence competent, to which question answer
was made that the offer of the paper was as a statement
made immediately after the accident by a person in perform-
ance of his duty. The court did right in refusing to admit
the paper in evidence. The conductor was a witness, and
could have given his version of what was said and done under
oath. He might perhaps have used the written statement,
made through his dictation in his presence, to refresh his mem-
ory, but the paper itself was not legal evidence. It was not
made under oath, and if it turned out that the statement was
not true, an indictment for perjury would not lie.

The remaining assignments of error are to the charge of
the court. One complaint is that the judge did not charge
the jury that if May was guilty of negligence the verdict
should be for the company. The court did so charge in sub-
stance. In his charge the judge said : " In stating the rule
that injury resulting from negligence of one in the perform-
ance of duty is actionable, and must be paid for in damages,
an important phase of this rule must be emphasized, and that

is that whenever the plaintiff has himself, in any essential degree, by his own negligence contributed to the injury, there can be no recovery." And again: "If the plaintiff was in the act of boarding a passing car, it failing to stop on his signal, and by that means he became entangled and suffered injury, my instruction to you is, that was an act of contributory negligence in him such as would defeat his recovery." No language could be more emphatic.

In every respect complained of, the charge was legally correct, very carefully worded, and stated the case fairly, leaving to the jury to decide upon the conflicting evidence.

The judgment should be affirmed.