### FLINT et al. v. KENNEDY.

(*Circuit Court, S. D. New York.* February 13, 1888.)

**1. WITNESS—EXAMINATION—REFERENCE TO MEMORANDA.**

In an action for the price of goods sold and delivered, plaintiffs' agent testified that when taking the order he had made a memorandum of the items and prices of the goods, which, in a few days afterwards, he rewrote upon a ticket, from which in turn plaintiffs' order clerk entered the items in an order-book. When the goods were delivered, he had checked each item in the order-book, and thereby knew that the order-book contained a true copy of the order. *Held,* that the witness having examined the entries in the order-book while the transaction was recent, he could refer to them upon the trial for the purpose of refreshing his memory, although they were made by another person.[1]

**2. EVIDENCE—SECONDARY—CONTRACT BY TELEGRAM AND LETTER.**

In an action for the price of goods sold and delivered, plaintiffs' agent testified that he had received an order from defendant by telegram, which was replied to by letter, and a person sent to take necessary measurements. The telegraph company had destroyed all *memoranda* in its possession relating to telegrams of the date of the transaction in question. Plaintiff had not preserved defendant's original telegram, nor any copy of the letter in reply, but the witness who took the measurements testified that he saw and conversed with defendant upon the subject of the order. *Held* that, in the light of his testimony, secondary evidence of the contents of the telegram was admissible, although direct proof of the sending of it could not be given.

**3. SAME—PRESUMPTION—PROOF.**

Secondary evidence of the contents of a letter sent by plaintiffs to defendant was objected to upon the ground that the letter was not shown to have been mailed. Plaintiffs' agent had testified that he knew it was sent. *Held,* in the absence of any proof to the contrary, or any further inquiry as to the mode of sending, the testimony that the letter was sent must be understood to mean that it was mailed in the usual manner.

At Law. On motion for new trial.

*Abram Kling,* for plaintiffs.

*Wm. D. Guthrie,* for defendant.

SHIPMAN, J. This is a motion by the defendant for a new trial of an action at law upon the ground of the improper admission of testimony. The action was to recover the sum claimed to be due from the defendant for a large quantity of goods and merchandise, consisting mainly of furniture, which had been delivered to him by the plaintiffs. The defense was that the amount for which the goods were contracted to be furnished had been substantially paid. The point in dispute was whether the wood-work in certain rooms upon the first floor of the defendant's house was included in the original and verbal contract for articles to be furnished at a price not to exceed a specified sum, which contract was made by Mr. Scott, the plaintiffs' agent, with the defendant, at Corpus Christi, Texas, or was subsequently ordered by telegram, and was not included in the original order and estimate of prices. The latter was the plaintiffs' theory of the case. It being important to show the items of the original order, Scott, the plaintiffs' witness, testified that he made a

---

[1] See note at end of case.

memorandum of the items and prices in Texas; that, upon his return to New York, about two weeks afterwards, he made, from his memorandum, "a yellow ticket," which purported to be a copy of the order, and that the order clerk entered or copied the contents of the yellow ticket in the order-book. For the purpose of refreshing the memory of the witness as to the items of the order, the plaintiffs' counsel asked that he be permitted to examine the order-book, which request was, at that stage of the testimony, refused. The law upon the subject of refreshing the memory of a witness by *memoranda* of a business character, which he made himself at or about the time of the transaction, is stated in *Maxwell* v. *Wilkinson*, 113 U. S. 656, 5 Sup. Ct. Rep. 691, as follows:

"*Memoranda* are not competent evidence by reason of having been made in the regular course of business, unless contemporaneously with the transaction to which they relate. It is well settled that *memoranda* are inadmissible to refresh the memory of a witness, unless reduced to writing at or shortly after the time of the transaction and while it must have been fresh in his memory."

If such a memorandum was made in the usual course of business by any other person, and was read by the witness within the time which has been stated, he can refer to it for the purpose of refreshing his memory, if, when he read it, he knew it to be correct. Steph. Dig. Ev. 192. Permission to examine the book was refused, because the witness had not testified that, from an examination of the order-book made in the progress of the business, he knew that it was a correct copy of his own memorandum. He was apparently endeavoring to refresh his recollection from a copy, made by another person, which he had not testified he knew, when the transaction was fresh in his mind, to be a correct copy of the order which he received. Subsequently the witness testified that, on the day after the goods were shipped, he checked each item in this order-book, for the purpose of signifying the items of the order which had been delivered, and that this checking was done by comparison with the items in the order-book, and that he knew that the goods entered in the order-book were the same goods which were contained in the original memorandum. In reply to the question, "How do you know that [the book] is a copy of the order?" the witness replied, "I checked off every item on this ticket when the goods were delivered to Capt. Kennedy." This testimony in regard to the checking upon the order-book, at or near the time of the shipment, for the purpose of ascertaining and verifying the fact that the goods named in the order had been delivered, and a knowledge then and thereby, from this careful inspection, acquired that the order-book contained a correct transcript of the original order, supplied the defects in the testimony as previously given, and, under the statement of the law which has been quoted, the court properly permitted the witness to examine the book for the purpose of refreshing his recollection as to all the items of the order.

The next exception related to the following facts: It was proved that all original telegrams sent at the date of the transactions in question, and all copies of, or *memoranda* in regard to, the receipt of such telegrams in

the New York office of the telegraph company had been destroyed. Scott testified, under objection, that, subsequently to the original order, he received, in New York, a telegram purporting to come from the de-- fendant, containing the additional order in regard to the three lower rooms, and asking instructions in regard to measurements. For the purpose of showing that this telegram was sent by the defendant, Scott testified that a letter in reply was written, and was sent to the defend- ant by Mr. Hand, then a member of the plaintiffs' firm, but now dead, which acknowledged the receipt of the telegram, and said that a per- son would be sent to take the measurements. Klein, the person who was sent, testified that he went to Corpus Christi, took the measurements, talked with the defendant upon the subject, and was informed by him that he had intended to have these rooms done by his own carpenter; but after Scott left, he changed his mind. The defendant testified that he never sent the telegram, and did not receive the Hand letter. He did not bring from Texas any of the correspondence. The testimony in regard to the telegram was objected to upon the ground that secondary evidence of the contents of a telegram cannot be given, until the actual sending of the message, by the party sought to be charged with its con- tents, is proved. It is true that the original dispatch must be shown to have been authorized or sent by the alleged sender or by his direction. *U. S.* v. *Babcock,* 3 Dill. 571; *Steam-Ship Co.* v. *Otis,* 100 N. Y. 446, 3 N. E. Rep. 485. But it was not incumbent upon the plaintiffs to prove from the lips of the defendant, or of some person who saw him send the dispatch, that it was thus sent. If, by the subsequent correspondence or transactions between the parties, the alleged sender is found to have shown by his conduct that he did send the telegram in question, such testimony is often sufficient to prove the required fact, and to be as sat- isfactory evidence as a verbal admission. *Steam-Ship Co.* v. *Otis,* 100 N. Y. 446, 3 N. E. Rep. 485.

In this case, the secondary evidence in regard to the telegram was not received until the testimony in regard to the Hand letter had been offered and admitted for the purpose of showing from the circumstances and conduct of Kennedy an acknowledgment that the telegram had been sent. If the testimony of Scott and Klein was true, it was strong evidence that a telegram had been sent by Kennedy. The difficulty was, in conse- quence of the non-existence of the telegram, and the loss of the copy which was said to have been received by Scott, the non-copying of the Hand letter in the firm's letter-book, and the steadfast denial of Kennedy that he ever sent such a telegram, to know whether Scott's testimony was reliable. Its weight was a question for the jury, but it was admis- sible upon the just principle which has been stated.

A minor exception was also taken, upon the motion for a new trial, to the admission of the testimony in regard to the Hand letter, upon the ground that it was not shown to have been mailed. Scott testified that he knew it was sent. No further examination or cross-examination upon the subject of mailing was had. "In the absence of any proof to the contrary, or any inquiry as to the mode, we must understand this [that

letters were sent] to mean that they were mailed in the usual manner." *Steam-Ship Co.* v. *Otis, supra.*

The motion for a new trial is denied.

NOTE.

Witness—Refreshing Memory—Memoranda. Any writing or *memoranda* made by the witness, or by his direction, at the time of the transaction, or soon afterwards, or read and examined by him, he at the time having personal knowledge of the correctness thereof, may be referred to, to refresh the memory of the witness. Price v. Garland, (N. M.) 6 Pac. Rep. 472. A witness who has taken *memoranda* of facts at or about the time of the occurrence, and who knows them to be correct, may hold such *memoranda* in his hand, and testify to the facts, as facts, although he at the time admits that he does not remember the occurrence of the facts. Lipscomb v. Lyon, (Neb.) 27 N. W. Rep. 731. A witness may use a paper containing a list of items to refresh his memory, when he knows the entry to have been correct when he made it, even though the paper is not admissible as an entry made in the course of business in a book of original entries. Mead v. White, (Pa.) 8 Atl. Rep. 913. A witness may refer to and read the items in his private cash-book as *memoranda* of payments to refresh his recollection. Converse v. Hobbs, (N. H.) 5 Atl. Rep. 832. A plaintiff, testifying in his own behalf, can refresh his recollection, when he knows the facts, by reading from his bill of particulars, when that is a duplicate of the account rendered, and on which he sues, even though it was copied by his clerk from entries in his book, as to which he cannot say, without seeing them, whether or not he made them himself. Hudnutt v. Comstock, (Mich.) 16 N. W. Rep. 137. Where the items are numerous, and therefore difficult to be retained in the memory, the court, in its discretion, may permit a reference to *memoranda* proven to be correct, both as to items and their values. Wise v. Insurance Co., (N. Y.) 4 N. E. Rep. 634. Where an attorney who was present at the former trial, representing one of the parties in the case, is called to give in evidence the testimony of a deceased witness at that trial, he may refresh his recollection from the bill of exceptions, or read from the bill of exceptions purporting to contain the testimony of the deceased witness at the former trial, if he shows that he examined the bill, and assisted in its preparation at the time it was made, and knew, when the matters therein contained were fresh in his memory, that the bill stated what the deceased witness testified to on the former trial. Railroad Co. v. Jones, (Kan.) 8 Pac. Rep. 730. If a conductor of a railroad train be sworn, he may use a written statement, made at the time of an accident under consideration, as to how it occurred, to refresh his memory. Railway Co. v. May, (N. J.) 5 Atl. Rep. 276. See, also, on the general subject as to when *memoranda* are admissible to refresh the memory of a witness, U. S. v. Tenney, (Ariz.) 8 Pac. Rep. 295; Morris v. Lachman, (Cal.) Id. 799; Paige v. Carter, (Cal.) 2 Pac. Rep. 260; People v. LeRoy, (Cal.) 4 Pac. Rep. 649; Pinschowers v. Hanks, (Nev.) 1 Pac. Rep. 454.