THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS J. ROTHSTEIN, Appellant.

FALSE REPRESENTATIONS — WHEN FALSE STATEMENT BY WHICH PER-
SONAL PROPERTY IS OBTAINED NEED NOT BE IN WRITING TO SUPPORT
AN INDICTMENT FOR GRAND LARCENY.    A false representation made by
a purchaser that he had an order from a well-known mercantile corpora-
tion of strong financial standing for a large number of garments to be
made from certain material, and requiring a specified number of yards,
by which he induces the delivery to him of a certain quantity of the
goods, does not relate to his financial ability, but is a false statement as
to an existing fact, inducing a sale or parting with the possession of per-
sonal property and is, therefore, criminal although not in writing and
signed by the party to be charged thereby as required by section 544 of
the Penal Code.

People v. Rothstein, 95 App. Div. 292, affirmed.

(Argued December 5, 1904; decided December 30, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 10, 1904, which affirmed a judgment of the Court of General Sessions in the county of New York, rendered upon a verdict convicting the defendant of the crime of grand larceny in the first degree in obtaining goods by false pretenses.

The facts, so far as material, are stated in the opinion.

Elias B. Goodman and John B. Stanchfield for appellant. If the representations are shown to be false, they relate to the purchaser's means or ability to pay and are not criminal because not in writing. (Penal Code, § 544; People v. Blanchard, 90 N. H. 314; Archer's Case, Dearsley's C. C. 453; West's Case, 1 D. & B. C. C. 575; Ranney v. People, 22 N. Y. 417; Reg. v. Bates, 3 Cox's C. C. 201; Reg. v. Jennison, 9 id. 158; Rex v. Goodhall, Russ. & Ry. 461; People v. Tompkins, 1 Park. Cr. Rep. 238.)

William Travers Jerome, District Attorney (Howard S. Gans of counsel), for respondent. The representation did not relate solely to the purchaser's means or ability to pay, and it is, therefore, unnecessary that it should be in writing.

(Penal Code, § 544.) A misrepresentation as to a business situation which makes a request for goods or credit plausible is an indictable false pretense, irrespective of its bearing upon the financial ability of the defendant. (*Higler* v. *People*, 44 Mich. 299; *Comm.* v. *Meserve*, 154 Mass. 64, 74; *State* v. *Fooks*, 65 Iowa, 196; *People* v. *Dalton*, 2 Wh. Cr. Cas. 161, 178; *Matter of Valentine*, 4 City H. Rec. 33; *Thomas* v. *People*, 34 N. Y. 351; *People* v. *Blanchard*, 90 N. Y. 314; 2 Bishop's New Cr. Law, §§ 438, 457.) The arrangement entered into constituted a pledge of the Marshall Field contract, and the misrepresentation related, therefore, to the existence of property pledged as security for the purchase, and not to the defendant's means or ability to pay for it. (*Brill* v. *Tuttle*, 81 N. Y. 454; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Risley* v. *Smith*, 64 N. Y. 576; *Risley* v. *Phœnix Bank*, 83 N. Y. 318; *Conselyea* v. *Blanchard*, 103 N. Y. 222; *Fairbanks* v. *Sargent*, 104 N. Y. 108; *Holmes* v. *Evans*, 129 N. Y. 140; *Tailby* v. *Official Receiver*, L. R. [13 App. Cas.] 523.) The indictment justified the admission of the evidence of the promise to assign, and a conviction based thereon. (*Thomas* v. *People*, 34 N. Y. 351; *People* v. *Peckens*, 153 N. Y. 576; *People ex rel.* v. *Oyer & Terminer*, 83 N. Y. 436; *Comm.* v. *Jeffries*, 89 Mass. 548; *Comm.* v. *Coe*, 115 Mass. 481; *Cowen* v. *People*, 14 Ill. 349; *Moore* v. *People*, 190 Ill. 331; *Hathcock* v. *State*, 88 Ga. 91; *State* v. *Fooks*, 65 Iowa, 196.)

BARTLETT, J. The defendant was convicted of the crime of grand larceny in the first degree in obtaining goods by false representations. It is charged in the indictment that the defendant obtained eighteen pieces of covert cloth from Forstman & Company by falsely representing to the managing partner that he had an order from a corporation, known as Marshall Field & Company, doing business in the city of New York, a well-known jobbing house of strong financial standing, for six thousand cloaks, to be made of covert cloth, and requiring about twenty-four thousand yards,

The evidence discloses that the defendant had dealt with Forstman & Company in a "small way," requiring no such amount of credit as was involved in the sale of material necessary to fill the alleged order of Marshall Field & Company.

On the 8th of August, 1902, the above false representation was made in order to induce and which did induce the complainants to deliver to the defendant as a part installment of his purchase eighteen pieces of covert cloth, aggregating one thousand yards, valued at about sixteen hundred dollars.

It was proved that the complainants manufactured the covert cloth in question at the instance and request of the defendant that he might be able to fill the alleged order for six thousand cloaks he falsely represented he had received from Marshall Field & Company. It was proved that the complainants relied on this false representation as to an alleged existing fact and parted with the possession of their property for that reason. The jury found the defendant guilty, and he now seeks to reverse the judgment of conviction on alleged errors of law appearing in the record.

The defendant insists that the representation relates to his means or ability to pay and is not criminal because not in writing as required by section 544 of the Penal Code, which reads as follows: "A purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless the pretense is made in writing and signed by the party to be charged."

It was doubtless the intention of the legislature, in enacting this section, to require direct representations of the defendant's means or ability to pay to be in writing. If he states that he is worth so much in money, has so much on investment, and so much due him from solvent debtors, or any other representations bearing directly on his ability to pay, they must be in writing. There are, however, many cases referring to oral statements that relate to an existing fact, inducing a sale or parting with the possession of personal property, and, consequently, constituting a false pretense, that will sustain an indictment and need not be in writing.

In *Higler* v. *People* (44 Mich. 299) the false pretense was the claim of being a "storekeeper." The learned court pointed out that a storekeeper might be absolutely without financial ability, and consequently the representation that he was engaged in such business did not necessarily relate to his pecuniary means. The court said : " Men are trusted in large amounts every day who have no pecuniary responsibility, and are known to have none. Sometimes the reliance for repayment will be a supposed business ability ; sometimes on a business that would be injured by the existence of overdue debts ; but most often, perhaps, a reputation for integrity. And if in any case the existence of any particular fact would be likely to beget confidence, there is no reason why a false assertion of its existence should not be a criminal pretense, as much as would be a false assertion of pecuniary responsibility, provided it is equally relied upon, and equally effectual to accomplish the fraud designed.

" Pecuniary responsibility is no more a necessary attendant upon a commission in the army than upon the keeping of a store ; but the false assertion that one holds such a commission has been held a false pretense. (*Queen* v. *Hamilton,* 1 Cox C. C. 244 ; *S. C.* on appeal, 9 Ad. & El. N. R. 271 ; *Thomas* v. *People,* 34 N. Y. 351.) So the pretense that one is buying horses as a gentleman's servant may be a criminal false pretense, though the fact of service by itself would not be likely to inspire confidence except in connection with the further fact, expressed or understood, that the master was to pay the purchase price. (*Rex* v. *Dale,* 7 C. & P. 352.) "

In *Thomas* v. *People* (34 N. Y. 351) the false representations were that the defendant was a chaplain in the army just returned from military service ; that he wanted money to get home with ; that he would give plaintiff an order for the repayment of any money that complainant might loan him. These verbal statements, which proved to be false, were held to relate to existing facts and constituted false pretenses.

In *In re Valentine* (4 City Hall Recorder, 33) the false pre-

tenses, were where the defendant, a man of genteel appearance, falsely represented himself as a wholesale dealer in Broadway, and that one of his country customers had sent him an order for certain goods. These representations were held sufficient to sustain the indictment.

In *People* v. *Dalton* (2 Wheeler's Criminal Cases, 161, 178) the defendant falsely represented himself as a grocer and that he resided in a particular place. It was held that this representation having induced the sale of goods was sufficient in law.

In *Lesser* v. *People* (73 N. Y. 78) the evidence of the complainant was that Lesser and his companion Melville came together to her residence, and after bargaining for the goods, agreeing upon the price, Melville went out, as he said, to get the money to pay for them, leaving the prisoner there; that the prisoner represented Melville as a man in business, having two stores, etc.; that Melville returned with the check, and at the time of passing it off to the complainant and obtaining the goods, in answer to a remark of complainant's sister that the check was dated the next day, said : "It is too late to go to the bank to-day" (it being then half-past three o'clock in the afternoon); that at the same time the prisoner said that the check was good, and also that Steinbach, the maker of the check, "had a business." It appeared that no such person as the drawer of the check kept any account in the bank on which it was drawn, and it was admitted on the trial that the check was worthless. It was held that the circumstances tended to show that the transaction was a device to defraud the complainant of her goods, and that Melville and the prisoner were acting together. They together took the goods away.

In *People* v. *Blanchard* (90 N. Y. 314) it was held that an indictment for false pretenses could not be founded upon the false assertion of an existing intention; there must be a false representation as to an existing fact. In this case the representations alleged to be false were stated to be that the defendant was agent for Otto Gulick, and that he wanted to buy eighteen cattle for Gulick; that Otto Gulick wanted him

to buy for him and send him eighteen cattle, and that he had a contract with Gulick for buying cattle for him, and that Gulick had agreed to pay him one dollar a head for buying cattle.

In *Commonwealth* v. *Meserve* (154 Mass. 64, 75) the learned court stated at the latter page: "In the fifth count, one of the false pretenses set forth as contemplated in the alleged conspiracy was, that 'Kennedy, so to be represented as George Brown as aforesaid, had recently theretofore sold seven thousand dollars' worth of real estate  *   *   *   in said State of New Hampshire, and had invested the proceeds thereof in property in said Boston.' The judge instructed the jury that this was good if proved as charged. The ground of objection urged by the defendants is, that this was a representation or pretense as to Kennedy's means or ability to pay, which must be in writing under the Pub. Sts. c. 203, § 59. The judge had already instructed the jury fully in reference to the first count, that pretenses that he was rich, that he owned real estate in New Hampshire, that this real estate was valuable, and that he was interested in the manufacture of bricks in New Hampshire, were of such a character that they must be in writing; but that a representation that he was shifting his property from New Hampshire to Massachusetts might have another aspect, and that it might be found to be equivalent to a representation that he was so engaged in such transactions that he had occasion for the goods which he sought to obtain."

In the case at bar we have the false representation that the defendant represented to the managing partner of Forstman & Company that he had an order from Marshall Field & Company, a well-known jobbing house of strong financial standing, for six thousand cloaks, to be made of covert cloth, and requiring about twenty-four thousand yards. This is not the assertion of an existing intention, but is a false representation as to an alleged existing fact.

We are of opinion that this false representation is fully within the principle of the cases cited and of many others to which reference might be made.

It is quite evident that Forstman & Company found this representation, as to the order received from Marshall Field & Company, a most persuasive fact in reaching the conclusion that they were safe in granting the credit for which the defendant asked.

In order to appreciate a further point made by the defendant, it becomes necessary to refer to a representation proved at the trial, but not pleaded in the indictment. When the managing partner of Forstman & Company was on the stand he had testified to the representation to which reference has already been made. He was asked this question by the district attorney:

"Q. Did he state what he intended to do in regard to bills or invoices against Marshall Field & Company? A. Yes.

"(Defendant's counsel): I object.

"(The Court): Yes, objection overruled.

"(Defendant's counsel): Exception."

The witness answered: "He told me that as he made shipments to Marshall Field & Company he would assign the bills to us and make them payable to Fortsman & Company; that is all he said about that. The next time I saw him I imagine was the following day. He came in almost every day.

"Q. Did he have any further conversation with you in regard to the order?

"A. He said that several times."

The defendant's counsel in his brief in this court insists that the evidence of this alleged false representation was not admissible, not being pleaded in the indictment. The answer to this position is that the defendant's objection to the admission of this evidence states no ground. A further answer is that the evidence was competent as a circumstance bearing upon the question of intent involved in the main charge.

The People, while relying on the false representation pleaded in the indictment and already dealt with, have insisted in their brief and on the oral argument that this promise to assign the bills against Marshall Field & Company and make them payable to Forstman & Company was, as

matter of fact, presenting a valuable security for the payment of the purchase price, and thus making the financial condition of the defendant of no importance whatever in the commercial problem involved.

As this representation was purely promissory, and relates merely to what the defendant said he would do in the future, we have concluded, while expressing no opinion as to this representation, to rest the affirmance of the judgment of conviction and the order affirming the same upon the representation pleaded in the indictment.

The judgment and order appealed from should, therefore, be affirmed.

CULLEN, Ch. J., GRAY, HAIGHT, MARTIN and VANN, JJ., concur; O'BRIEN, J., not voting.

Judgment of conviction affirmed.