(119 App. Div. 233)
PEOPLE v. LEVIN.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

1. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.

In a prosecution for false pretenses, it was competent to show that accused was engaged in other similar frauds about the same time, and so similar in other relations that the same motive might presumably be imputed to them all, for the purpose of showing criminal intent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 830–834.]

2. FALSE PRETENSES—COMMERCIAL REPORTS—FALSE REPRESENTATIONS.

Defendant made and signed a financial statement in December, 1902, for the purpose of inducing credit. In March, 1903, he falsely represented verbally that the report previously made was true when the oral statement was made, and that he was then in even better condition. Being asked to make a present written statement, he refused to do so, because he had not time to take an inventory, whereupon prosecutor extended credit on the faith of defendant's representation that the statement made in December was true in March. *Held*, that such facts were sufficient to sustain a conviction, though defendant's ratification of his prior written statement was not in writing, under Pen. Code, § 544, declaring that a purchase by means of false pretense relating to the purchaser's ability to pay is not criminal unless the pretense is made in writing and signed by the party to be charged.

Appeal from Court of General Sessions, New York County.

Louis Levin was convicted of grand larceny in the second degree, and he appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Henry M. Goldfogle, for appellant.
Robert G. Taylor, for the People.

LAMBERT, J. The appellant has been convicted of the crime of grand larceny in the second degree in obtaining goods of the firm of Meyer & Co. by means of false and fraudulent representations respecting his solvency. No question is raised as to the sufficiency of the indictment, and the rule is well established by authority that in cases of this character, where the intent is a fact to be arrived at, it is competent to show that the party accused was engaged in other similar frauds about the same time, and so similar in other relations that the same motive may reasonably be imputed to them all. Weyman v. People, 4 Hun, 511, affirmed 62 N. Y. 623; Mayer v. People, 80 N. Y. 364, and note at page 373; People v. Everhardt, 104 N. Y. 591, 595, 11 N. E. 62; Shipply v. People, 86 N. Y. 375, 380, 40 Am. Rep. 551; People v. Kellogg, 105 App. Div. 505, 519, 94 N. Y. Supp. 617; Commonwealth v. Robinson, 146 Mass. 571, 577, 16 N. E. 452. In the Kellogg Case, decided in this department, the case arose under section 528 of the Penal Code, and clearly establishes the competency of the evidence in the present case.

Two grounds of error going to the merits of the case are urged by the defendant upon this appeal. The first of these is that the credit was induced and given, not upon the signed written statement of the

defendant as required by section 544 of the Penal Code, but upon oral statements; and the second is that the signed credit statement of December, 1902, cannot be made the basis of a crime for false pretenses occurring in March, 1903. In my opinion these propositions are without merit. There is no question, under the evidence, that the defendant did make in writing and sign a statement to be published, and the same was published in Dun & Co.'s commercial reports for the purpose of inducing credit, in December, 1902. The alleged false representation, inducing the complainant to part with the goods, was not the defendant's verbal declaration of his ability to pay, but his false representation that the report published by Dun & Co. was true at that time; that he was in even better condition. The report was called to his attention, and he was asked if it was true; and he said that it was. Being asked to make a present written statement, he refused to do so on the ground that he could not take the time to make an inventory, and the complainant parted with the goods upon the false representation that the written statement signed by the defendant in December, 1902, was true in March, 1903, about three months later. The offense of larceny at common law is established by proof on the part of the prosecution showing that the defendant obtained possession of the property by some trick, fraudulent device, or artifice, with the intention at the time of subsequently appropriating it to his own use. People v. Miller, 169 N. Y. 339, 62 N. E. 418, 88 Am. St. Rep. 546. Section 544 of the Penal Code is a modification of the common-law rule of evidence, and it is to be understood as effecting no greater limitation upon the law than is required by its language. The provision of the section relied upon is that:

"A purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless the pretense is made in writing and signed by the party to be charged."

Cullen, J., in commenting upon this provision in People ex rel. Corkran v. Hyatt, 172 N. Y. 187, 64 N. E. 825, 60 L. R. A. 774, suggests that this "doubtless was dictated by the knowledge that criminal charges of false pretenses are often instituted in reality to compel the payment of debts, and are easily fabricated"; and this is undoubtedly the reason of the rule established by the Legislature. It has no relation, however, to the situation here presented. The defendant had made a written statement, knowing that it was to be published in a commercial report. He knew that credit was given or withheld upon the basis of such reports so published. This statement was called to his attention, and he falsely represented that the statement as made and published was true at the time the transaction here involved was under negotiation. It was this false statement which induced the complainant to part with his goods. It was not a false representation of his means or ability to pay that the defendant made verbally. It was a false representation as to the then truth of a former written statement. This is a very different thing from making a mere oral statement that he is worth a given sum of money, or that he is able to pay. "It was doubtless the intention of the Legislature," say the court in People v. Rothstein, 180 N. Y. 148, 150, 72 N. E. 999, in discussing this provi-

sion of the Penal Code, "to require direct representations of the defendant's means or ability to pay to be in writing. If he states that he is worth so much money, has so much on investment, and so much due him from solvent debtors, or any other representations bearing directly on his ability to pay, they must be in writing. There are, however, many cases referring to oral statements that relate to an existing fact, inducing a sale or parting with the possession of personal property, and consequently constituting a false pretense, that will sustain an indictment and need not be in writing."

This seems to us to be such a case. It is conceded that, if the defendant had purchased the goods in December, 1902, the complainant relying upon the statement, the defendant would have been guilty. Four months later the defendant had his attention called to this report as made for the purpose of inducing credit, and he represented that the statement was then true; that he was in even better condition. This was a false pretense relating to an existing fact, and it would be a miscarriage of justice to hold that the defendant was absolved because of the fact that his subsequent declaration as to the then truth of his former statement was not in writing.

The judgment should be affirmed. All concur.