# SUPREME COURT—APPELLATE DIVISION—FIRST DEPARTMENT,

## Dec. 24, 1914.

## THE PEOPLE ex rel. WORONOFF AND BERNARD EDSON v. PETER A. MALLON, WARDEN, ETC.

### (166 App. Div. 840.)

(1.) LARCENY—OBTAINING GOODS UPON FALSE PRETENSES AS TO SOLVENCY—SUFFICIENCY OF INFORMATION.

An information which alleges that the defendants obtained the complainant's goods on credit; that they were shortly afterward adjudged bankrupt; that the credit for the price of the goods was given them after examination by the complainant of a written statement as to their financial condition furnished ten months before to commercial agencies, and to which statements defendants referred the complainant, "representing that those statements contained the true and accurate condition of their business;" that the statement showed the business to be in a solvent condition and described books of account from which such statements were made, and that the defendants thereafter upon their failure to pay for the goods were given notice to produce the books referred to for inspection, in accordance with section 442 of the Penal Law, with which notice they did not comply, sufficiently charges the crime of larceny in obtaining goods upon false pretenses as to the buyer's solvency.

(2.) SAME—PENAL LAW, SEC. 442—PRESUMPTION AGAINST PURCHASERS FAILING TO PRODUCE BOOKS ON NOTICE.

The provision of section 442 of the Penal Law, that the purchaser's failure to produce the books within a prescribed period "shall be presumptive evidence that each and every pretense relating to the purchaser's means or ability to pay in said statement contained were false at the time of making said statement and were known to the purchaser to be false," is not unreasonable, so as to render the statute unconstitutional, nor does this statute compel a party to testify against himself.

APPEAL by the relators, David Woronoff and another, from

an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of July, 1912, dismissing a writ of habeas corpus and remanding the relators to custody.

*Edward Hymes*, for the appellants.

*Robert C. Taylor, Assistant District Attorney*, for the respondent.

Order affirmed, on opinion of BISCHOFF, J.

Present—INGRAHAM, P. J., MCLAUGHLIN, SCOTT, DOWLING and HOTCHKISS, JJ.

The following is the opinion delivered at Special Term:

BISCHOFF, J.:

The question presented upon this return to a writ of habeas corpus is whether the information before the magistrate sufficed for a case of larceny in obtaining goods upon false pretenses as to the buyer's solvency. It is set forth in the information that these relators obtained the complainant's goods on credit; that they were shortly afterward adjudged bankrupt; that the credit for the price of the goods was given them after examination by the complainant of a written statement as to their financial condition furnished ten months before to commercial agencies, and to which statements relators referred the complainant, "representing that those statements contained the true and accurate condition of their business;" that the statements showed the business to be in a solvent condition and described books of account from which such statements were made, and that the relators thereafter upon their failure to pay for the goods were given notice to produce the books

referred to for inspection by the complainant in accordance
with section 442 of the Penal Law, with which notice they did
not comply. This statute gives the seller of goods the right
to inspect the purchaser's books of account upon his failure
to pay for goods sold " whenever property shall be purchased
by aid of a statement relating to the purchaser's means or
ability to pay, made in writing and signed by the party to be
charged, and in said statement the party to be charged shall
state that he conducts a specified kind of business and keeps
books of account of said business," and further provides that
the purchaser's failure to produce the books within a pre-
scribed period after notice " shall be presumptive evidence that
each and every pretense relating to the purchaser's means or
ability to pay in said statement contained were false at the
time of making said statement and were known to the pur-
chaser to be false." Giving effect to this presumption the facts
stated in the information contain every element necessary to
establish the crime charged, it being apparent from the aver-
ments presented to the magistrate that the representations
were material, that they were relied upon and that they were
made to induce the delivery of the property to the relators.
So far as it is claimed that the reference by the relators orally
to the earlier written statement could not be relied upon for the
purposes of the charge of larceny, which must be founded
upon misrepresentations made in writing (Penal Law, §§ 442,
947), it suffices to say that upon the facts the possession of the
property was obtained " by aid of a statement  *   *   *
made in writing " (§ 422) and " by means of a false pretense
*   *   *   made in writing " (§ 947). The same question was
considered in People v. Levin (119 App. Div. 233), and the
oral statement, as set forth in this information, sufficiently
connected the earlier written statement with the relators' solv-
ency at the time for the purposes of a criminal prosecution
within that authority. The contention that the presumption

of fact prescribed by section 442 of the Penal Law is unreasonable and so unconstitutional appears to be without merit. As was said in People v. Cannon (139 N. Y. 32, 43) : " It cannot be disputed that the courts of this and other States are committed to the general principle that even in criminal prosecutions the Legislature may with some limitations enact that when certain facts have been proved they shall be *prima facie* evidence of the existence of the main fact in question. * * * The limitations are that the. fact upon which the presumption is to rest must have some fair relation to, or natural connection with the main fact." (Board of Comrs. of Excise, etc., v. Merchant, 103 N. Y. 143, 148; Reitler v. Harris, 223 U. S. 437; Cooley Const. Lim. [7th ed.] 409, 524–526.) A person's refusal to produce from his own possession books of account which he has deliberately represented to contain entries supporting the truth of a summary statement of account prepared by him has a very fair relation to the probability that the summary statement was false. Such a presumption is analogous to and simply an extension of the common-law rule which permits the inference from nonproduction of a document or witness peculiarly available to a party that the writing or testimony would not support the party's own contention as to the facts. (Graves v. United States, 150 U. S. 118; Runkle v. Burnham, 153 id. 216; Kirby v. Tallmadge, 160 id. 379.) Nor does this statute compel a party to testify against himself. He is merely required for his better protection to preserve certain evidence of his honesty which he has represented to persons dealing with him to exist. The situation presented is in no way similar to that considered in Matter of Morgan, *In re* Rolle (114 App. Div. 45), cited for the relators, since there the presumption was declared by the statute to be open to rebuttal only by particular testimony. Here the presumption, reasonably related to the party's own act or omission, may be met by any competent evidence material to the issue of fact.

My conclusion is that section 442 of the Penal Law affords a valid rule of presumptive evidence, and that upon the facts set forth by the complaint the magistrate acquired jurisdiction.

Writ dismissed.