[Crim. No. 1627. First Appellate District, Division One.—August 22, 1931.]

THE PEOPLE, Respondent, v. HERMAN FISHER, Appellant.

Alfred J. Hennessy for Appellant.

U. S. Webb, Attorney-General, William F. Cleary, Deputy Attorney-General, and Seibert L. Sefton for Respondent.

GRAY, J., *pro tem.*—Appellant was convicted upon ten counts of an indictment, each charging a separate crime of grand theft. His motion for a new trial was granted as to the first nine counts, but was denied as to the last. This tenth count accused appellant of the crime of grand theft by charging that on June 11, 1930, he unlawfully took the sum of $260, the property of the complaining witness. From the order denying a new trial and the judgment im-

posing sentence upon this count, appellant appeals, urging as grounds for reversal: (1) The insufficiency of the evidence to establish the commission of the crime formerly designated as obtaining money by false pretenses, (2) the lack of corroboration of the alleged false pretense, (3) the court's error in denying his motion to strike from the record all of the testimony of the complaining witness because the latter in testifying used notes made subsequent to the events recorded and (4) misconduct of the district attorney in allowing such witness to so testify.

No attempt will be here made to detail the entire transaction between the parties covering a period of over six months and involving approximately $9,000 of complainant's money. Nor is it necessary to discuss several theories advanced by respondent upon which the judgment might be affirmed. But our attention will be confined solely to a consideration of the errors alleged by appellant, with a recital of only such evidence as is necessary to understand his contentions. Although there is merit in respondent's claim that the testimony would support a contrary finding by the jury, the correctness of appellant's statement, that he truthfully represented to complainant that he owned a valid and subsisting option to purchase a lease of oil and gas rights in certain Montana lands, will be conceded for present purposes. Appellant does not question that the evidence establishes the receipt by him from complainant of the sum of $260.

In support of his first claim of error, appellant argues: (1) That the hereinafter quoted testimony contains the only representation upon which the count could be based and, (2) that such representation, being that he would ship a barrel of oil, was merely a promise to perform a future act, which legally is not a false pretense. But his first premise is incorrect because complainant, in a prior part of his testimony, testified that appellant had previously stated he was negotiating for the sale of the lease through Mr. Gilman to the Puget Sound Light and Power Company. The falsity of this representation was proven by Gilman's testimony denying such negotiations. ■ It is unnecessary to prove all of the false representations claimed, provided that enough are proven to convince the jury that those shown were material in inducing the complainant to part

with his money. (*People* v. *Fraser*, 81 Cal. App. 281 [253 Pac. 340] ; *People* v. *Grieshemier*, 176 Cal. 44 [167 Pac. 521].) Where two false representations are made, the jury is not compelled to find that either was the sole inducing cause. (*People* v. *Walker*, 76 Cal. App. 192 [244 Pac. 94].) ▮ The complaining witness testified: "On June 11, . . . Mr. Fisher told me that Mr. Gilman requested a barrel of oil sent from this property in Montana to Seattle to the Puget Sound Light and Power Company, where it was to be analyzed and tested to see if it was the oil the Puget Sound people wanted. He said the expense of sending this barrel of oil would be between $250.00 and $275.00. I gave him $260.00 for the purpose." Gilman testified he never made such request, and appellant on the stand admitted he never sent the oil. ▮ His denial of any recollection of such conversation was not a denial that he made such statement and, if it were so considered, it merely raised a conflict as to which the verdict is conclusive. (*People* v. *Hennessey*, 201 Cal. 568 [258 Cal. 49].) There is nothing in the testimony that warrants appellant's statement that the only representation contained was his promise to ship in the future a barrel of oil, and hence there is no basis in fact for his second premise. But, in the first sentence, there is a positive statement of the existence of a past fact, to wit, that he had an order for a barrel of oil, which was a false pretense. (*People* v. *Rothstein*, 180 N. Y. 148 [1 Ann. Cas. 978, 72 N. E. 999].)

▮ Equally untenable is appellant's second claim; that there is a lack of the corroboration required by section 1110 of the Penal Code. This is furnished by the testimony of Scott, that appellant had also represented to him that he was negotiating the sale of the lease to the Puget Sound Light and Power Company. (*People* v. *Whiteside*, 58 Cal. App. 33 [208 Pac. 132].) It is also supplied by his admissions of misrepresentations, including that as to the sale to the Puget Sound Light and Power Company, made to complainant in the presence of the latter's brother-in-law; by his conduct when, under investigation, in face of accusatory statements of other victims (*People* v. *Wymer*, 53 Cal. App. 204 [199 Pac. 815]) ; and by his evasive, contradictory and impeached testimony given at his trial. (*People* v. *Harrington*, 92 Cal. App. 245 [267 Pac. 942].)

■ Near the end of his direct testimony the complaining witness, when asked if he recalled giving appellant any money on March 1, 1930, inquired if he might look at some notes and was told by the district attorney to do so. Then he testified that he gave certain sums on specific dates to appellant. On cross-examination, he stated that the notes were copied, after appellant's arrest, from a book which he then produced and in which he had entered at the time, the date and amount of each payment to appellant. Later in the same cross-examination the court, at the request of appellant's attorney, ordered him not again to refer to the notes. At the close of the evidence, appellant's attorney moved to strike out all of the testimony of this witness on the ground that he had testified from notes written subsequent to the event recorded. Appellant assigns the denial of this motion as error. The objection is untenable, because the notes, while made after the event, were copies of entries made contemporaneously with the event. Assuming as correct counsel's misstatement of fact, notes made after the event may be used by the witness to refresh his memory, if they were made when the fact was fresh in his memory. (Code Civ. Proc., sec. 2047; *Paige* v. *Carter*, 64 Cal. 489 [2 Pac. 260]; 65 A. L. R. 1479, note.) Since the notes were used in only part of the testimony, the motion to strike out all of the testimony was properly denied. (24 Cal. Jur. 778.) The motion was also properly denied because the evidence was admitted without objection, although counsel had opportunity to object. (24 Cal. Jur. 780.)

■ Appellant's assignment of the district attorney's misconduct is supported only by his counsel's unsworn statement that the district attorney by standing between him and the witness had prevented him from seeing that the witness was using notes. But, even if this were so, counsel must have heard the witness' request to use the notes and was then advised that he was so doing. He also was advised early in his cross-examination as to the use of notes. However, the misconduct, if any, becomes immaterial as the notes were properly used.

Finding appellant's assignments of error untenable, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.