HORACE S. CLARK AND CHARLOTTE C. CLARK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86877.    Promulgated February 2, 1939.

*Peter S. Rask, Esq.,* and *P. J. Coffey, Esq.,* for the petitioners.
*W. R. Lansford, Esq.,* and *J. Y. Porter, Esq.,* for the respondent.

OPINION.

OPPER: The foregoing facts have been found upon the record submitted by petitioner. The detailed figures in evidence were adduced by a combination of material taken from the petitioner's records and his memory of the transactions to which they refer. The original accounts, consisting of check vouchers and check stubs, were not introduced in evidence but were present in the courtroom and offered for examination by respondent's counsel. The testimony mentioned and memoranda prepared by petitioner and used by him at the hearing for reference were objected to by respondent at that time and their admissibility is again contested as the single issue presented in his brief.

In discussing this contention it is material to recognize that it is really two questions that are involved. In the first place the nonintroduction of the check stubs themselves seems incapable of creating the possibility of prejudicial error. Their examination at the time of the hearing would have involved a protracted procedure, the result of which could have been of no benefit. *Northern Pacific Railway Co.* v. *Keyes* (C. C., North Dakota), 91 Fed. 47, 59. The accuracy of the transcription from those stubs to the memoranda and the testimony thereof by petitioner have not at any time been questioned. See *St. Paul Fire & Marine Insurance Co.* v. *American Food Products Co.* (C. C. A., 8th Cir.), 21 Fed. (2d) 733, 736. The original records were produced and were equally as available for the examination of counsel for respondent or for his use in cross-examining petitioner as though they had been formally offered and received; and the receipt of the evidence was expressly conditioned upon such availability. This was sufficient. *Cooper* v. *United States* (C. C. A., 8th Cir.), 9 Fed. (2d) 216, 223. See also *North Western Refrigerator Line Co.* v. *Ervin*, 78 Fed. (2d) 186, 189; *Equitable Life Assurance Society of the United States* v. *Sieg*, 53 Fed. (2d) 318, 319, 320; *Galbreath* v. *United States*, 257 Fed. 648, 658. "A reasonable safeguard against falsification in the preparation of such statements is furnished by placing the records from which they are compiled freely at the disposal of the adverse party." *Northern Pacific Railway Co.* v. *Keyes*, *supra*. Petitioner testified that he had himself made the transcripts from the original checks and stubs or, where he had not done so, had himself checked the transcript's accuracy. "When it is necessary to prove the results of voluminous facts or of the examination of many books and papers, and the examination can not be conveniently made in court, the results may be proved by the person who made the examination." *Burton* v. *Driggs*, 87 U. S. 125, 136, citing 1 Greenleaf's Evidence, sec. 93. We think in this respect petitioner's testimony was clearly admissible, and the use of the

memoranda to refresh the witness' recollection as to complicated and voluminous dates and figures was certainly not error. *Insurance Companies* v. *Weides*, 81 U. S. 375, 380. That the memoranda were then admitted into the record as a convenient presentation of this evidence could have been no more prejudicial than the testimony of the witness which the memoranda did nothing more than tabulate. *Rollins* v. *Board of Commissioners of Rio Grande County* (C. C. A., 8th Cir.), 90 Fed. 575, 583. Cf. *St. Paul Fire & Marine Insurance Co.* v. *American Food Products Co.*, *supra*.

The second point involved is that the witness testified to certain essential facts which were admittedly not contained in the check stubs from which the memoranda were compiled. As to these facts he purported to be testifying purely from memory, although that memory had been refreshed in the first instance by his examination of the check stubs which were contemporaneous and, at the hearing, by the memoranda prepared therefrom. Since the witness' testimony was definite that his recollection was refreshed, the testimony was admissible. *Flint* v. *Kennedy*, 33 Fed. 820. And this is so even though the memorandum from which the witness testified at the hearing was not the same as the one made contemporaneously. *Goodfriend* v. *United States*, 294 Fed. 148, 153. Here again the admission of the memoranda was in no sense prejudicial, since they were expressly accepted only for what they were worth and consisted merely of a tabulation in written form of the testimony which, as we have seen, was properly admitted. *Rollins* v. *Board of Commissioners, etc., supra.* For the foregoing reasons it is not apparent that any error, and particularly any prejudicial error, resulted from the admission of any of the controversial evidence.

A very different question is presented as to the probative value of that evidence. That the witness should be able to remember, even when assisted by certain partial documentary notes, transactions and occurrences taking place many years before is somewhat difficult to assume. And of course there is the additional difficulty that the burden of satisfactory proof rested upon petitioner. Nevertheless, for what it is worth, petitioner's testimony stands upon the record uncontradicted and it does not appear to be unreasonable. There is ample and undisputed evidence that petitioner and his wife were the owners of the property in question. The properties were used, as petitioner testified, for rental purposes. It can not therefore be questioned that petitioners had an investment in the property of some amount and that the value of this investment was lost. All of this is conceded in respondent's brief. In spite of the unsatisfactory nature of the proof of petitioners' cost basis it seems less unjust to permit them to obtain the benefit of the deductions claimed than to reject

entirely their whole contention. Unless the deductions are permitted in the present years their benefit will, as respondent admits, be lost for all time. And of course there is no basis upon which some intermediate figure, more satisfactory to respondent, can be ascertained. For these reasons, although with some reluctance, we have concluded that respondent's determination should be overruled. *Joseph Kahn*, 38 B. T. A. 1417, and cases there cited.

Regarding the salvage for which we have found a value of $20,000, petitioner testified that he "received" 20 percent of this salvage in 1934 and 80 percent in 1935, the latter year not being before us. It seems apparent that in fact he never parted with title to and the right to possession of that part of the property represented by this salvage and, therefore, that his loss was instantly diminished by this amount. We have, therefore, allocated it among the buildings lost in proportion to their depreciated bases. Thus $3,208.52 of it must be deducted from the loss suffered in 1933 and $16,791.48 in 1934. Although this is obviously an approximation, there is no other basis in the record for the allocation which it is our duty to make. See *Robert McCarthy Bullington*, 38 B. T. A. 754; *Joseph Kahn, supra.*

In determining the depreciation allowed on the buildings which were lost, which must be deducted in determining the loss allowable, no one source of evidence was complete. We have, therefore, used variously the depreciation actually allowed, that specifically admitted by petitioner in his returns, and that resulting from the rates of depreciation claimed and apparently allowed in almost all of the petitioner's returns in evidence. None of these figures appear to be less (although they might possibly be more) than the depreciation properly allowable, which fulfills the requirement of the statute concerning adjustment of basis.[1] We have thus deemed it proper to approximate in certain instances the depreciation allowed rather than let the entire claim fail. *Joseph Kahn, supra.*

As to the second issue, the claim for additional depreciation, the contention advanced by petitioner is that certain of his depreciable real property was not included in the depreciation figure appearing in his 1933 and 1934 income tax returns. Petitioner has not established that any identified pieces of property were omitted from the properties comprising the total valuation on which depreciation was claimed in his 1933 and 1934 returns. He claims a higher depreciation basis for the property as a whole than that used in his returns. Even if the evidence be said to establish such a basis, in no instance is there any testimony regarding the remaining useful life of the properties at the time of acquisition or in the tax years, and in only a few instances can the amount of depreciation already allowed be ascer-

---

[1] Sec. 113 (b) (1) (B), **Revenue Acts of 1932 and 1934.**

tained. Nor can these facts be deduced from other sources of evidence, since the latter are not sufficiently detailed and no correlation was attempted in the testimony. There was not even any categorical testimony of proper depreciation rates on the various types of property. The facts omitted are vital to computation of a proper depreciation allowance and, therefore, petitioner's claim on this point must fail. Regulations 77, art. 205; Regulations 86, art. 23 (1)–5; *Hailey-Ola Coal Co.*, 24 B. T. A. 895.

*Decision will be entered under Rule 50.*

