[Crim. No. 2333. Second Appellate District, Division One.—April 12, 1933.]

THE PEOPLE, Respondent, v. IRVING H. CARTER et al., Appellants.

R. E. O'Neill for Appellants.

U. S. Webb, Attorney-General, and Siebert L. Sefton for Respondent.

HOUSER, J.—The defendants appeal from a judgment of conviction of the crime of grand theft and from an order by which their motion for a new trial was denied.

Briefly, the evidence adduced on the trial of the action purports to establish the facts which support the conclusion that by reason of certain false representations or pretenses made by the defendants to the owners of an automobile, the defendants secured possession and ostensible ownership of said automobile and thereby defrauded the owners thereof of its value.

Appellants predicate prejudicial error on the refusal of the trial court to give to the jury, at the request of the defendants, the following instruction:

"Upon a trial for having, with an intent to cheat or defraud another designedly, by any false pretense, obtained the signature of any person to a written instrument, or having obtained from any person any labor, money, or property, whether real or personal, or valuable thing, the defendant cannot be convicted if the false pretense was expressed in language unaccompanied by a false token or writing, unless the pretense, or some note or memorandum thereof is in writing, subscribed by or in the handwriting of the defendant, or unless the pretense is proven by the tes-

timony of two witnesses, or that of one witness and corroborating circumstances; . . . ''

In support of their position with reference to the error in question, appellants rely principally upon the provisions of section 1110 of the Penal Code, which, in very nearly the identical language of the refused instruction, provides as follows:

''Upon a trial for having, with an intent to cheat or defraud another designedly, by any false pretense, obtained the signature of any person to a written instrument, or having obtained from any person any labor, money, or property, whether real or personal, or valuable thing, the defendant cannot be convicted if the false pretense was expressed in language unaccompanied by a false token or writing, unless the pretense, or some note or memorandum thereof is in writing, subscribed by or in the handwriting of the defendant, or unless the pretense is proven by the testimony of two witnesses, or that of one witness with corroborating circumstances; . . . ''

On the part of respondent it is argued that since the prosecution of the action against the defendants was authorized by the provisions of section 484 of the Penal Code, which section as now constituted in effect is a merger or a consolidation into the single crime of ''theft'' of various criminal offenses formerly defined and denounced by statutes enumerated by different respective sections of the Penal Code, including section 532 thereof, which deals specifically with the offense of ''obtaining money, property, or labor by false pretenses'',—the rule of pleading as announced in section 952 of the Penal Code that ''in charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another'', carries with it the requirement of evidence necessary for conviction in ordinary cases of larceny (or theft) only. In other words, the contention of the respondent is that the merger or the consolidation into section 484 of the Penal Code of the provisions of section 532 thereof, relating to obtaining property by false pretenses, had the effect not only to repeal the latter statute, but as well to render void and of no effect the provisions of section 1110 of the Penal Code, which specify what evidence shall be necessary to support a conviction of the criminal offense of obtaining money or property by false pretenses.

It is undeniable that preceding the date when the amendment of 1927 to section 484 of the Penal Code became effective (Stats. 1927, p. 1046), in a prosecution of a defendant for an alleged violation by him of the provisions of section 532 of the Penal Code, for obtaining money or property by false pretenses, he would have been entitled to have had an instruction given to the jury in substance in the language of section 1110 of the Penal Code; or, such an instruction as was offered by the defendants and refused by the court in the instant action. The question, therefore, with which this court is confronted is whether by what may be termed the re-enactment of section 532 of the Penal Code, and by a renaming of the offense therein defined, the former rights and safeguards afforded a defendant by the provisions of section 1110 of the Penal Code were impliedly repealed.

 It is a generally understood principle that the repeal of a statute by implication is not favored in the law. (23 Cal. Jur. 694 et seq.) However, it has been held that, even in the absence of a clause in a statute by which an earlier statute which assumedly deals with the same subject as the later one is expressly repealed, if it clearly appear that the later statute is intended as a complete revision or restatement of, or a substitute for, the earlier statute, the latter will be deemed to have been superseded by the later act, even though no inconsistencies or repugnancies exist as between the two statutes. (23 Cal. Jur. 694, 701; *Smith* v. *Mathews,* 155 Cal. 752, 758 [103 Pac. 199]; *Mack* v. *Jastro,* 126 Cal. 130, 132 [58 Pac. 372]; *Jewett* v. *City Transfer & Storage Co.,* 128 Cal. App. 556 [18 Pac. (2d) 351].) But the decisions also clearly indicate that, unless the object or the purpose of the *quasi*-repealing statute is identical with that of the statute claimed to be so repealed, the effect is not that a repeal has been effected; but, to the contrary, unless, in addition thereto, such statutes are repugnant one to the other, or the provisions of the later statute are inconsistent with those of the earlier statute, each of such statutes will remain as a declaration of the law which purportedly is declared therein. (23 Cal. Jur. 693 et seq.; sec. 325, Pol. Code.)

 From a consideration of the language employed in section 484 of the Penal Code, as amended in 1927, with

the language contained in the formerly existing several statutes by which is denounced the respective crimes of larceny, embezzlement and obtaining money or property by false pretense, little, if any, doubt may be seriously entertained regarding the fact that the prime intention of the legislature in enacting the statute of 1927 was to consolidate into a statement of one criminal offense, consisting of each of several complete parts thereafter to be known as theft, the various criminal offenses theretofore known and recognized by the names of larceny, embezzlement and obtaining money or property by false pretense. (*People* v. *Plum*, 88 Cal. App. 575, 582 [263 Pac. 862, 265 Pac. 322].)

A comparison of the language contained in section 532 with that employed in section 484, as the latter was amended by the statute of 1927, demonstrates the fact that to the extent that section 484 deals with the criminal offense of obtaining money, property or labor by false pretense, the two statutes are nearly identical one with the other. So limited, and considered thus either as an entirety, or in any one of the said several provisions of each of such statutes, no repugnancy nor inconsistency may be discovered to exist between them. The object or purpose of the two statutes is identical one with the other. And to the extent indicated by the sameness or the similarity of language and construction of the two statutes, it would seem incontrovertible that the applicable provisions of section 484 have superseded, or in effect, repealed the identical provisions of section 532.

An examination of the entire statute by means of which the merger or the consolidation into one designated offense of the several offenses, to which reference hereinbefore has been had, was effected, discloses the fact that, in addition to the provision therein by which such merger is consummated, the act embraces an amendment of each of several other penal statutes, all relating to the general subject of stealing or related criminal offenses, and the punishment which may be imposed for various violations of such statutes. But nowhere within such amendatory statute, either dealing directly therewith or by implication, may be found any indication that the rules of evidence which relate to, or have controlling effect in, establishing the necessary fact either that a crime has been committed, or that, if

committed, any particular person is guilty thereof, were under consideration. On the other hand, section 1110 of the Penal Code which, as hereinbefore stated, supplies the authority for the giving to the jury of the instruction here under consideration, is entirely different in its purpose. It relates not directly to the commission of the criminal offense of obtaining money or property by false pretense, but deals particularly with the question of the sufficiency of the evidence necessary to support a conviction of one charged with the commission of such an offense. That particular subject matter is neither treated, nor touched upon, either by section 532 or by section 484 as amended; and although not unmindful of the fact that in proper circumstances, and for certain specified purposes, section 532 and section 1110 might be construed as a single statute,—for the purpose here involved, that is, the determination of whether a repeal by implication of section 532 carried with it a repeal of section 1110, in consideration of and in reliance upon the authorities to which attention hereinbefore has been directed, this court is of the opinion that on the trial of a defendant for the commission of the offense formerly denounced by the terms of section 532 of the Penal Code, the provisions of section 1110 are still available to him, and that, at his request, he is entitled to have an instruction given to the jury in accordance therewith. If not directly, such a conclusion inferentially has been reached by the appellate tribunals of this state, especially in the cases of *People* v. *Leach*, 106 Cal. App. 442, 461 [290 Pac. 131], and *People* v. *Fisher*, 116 Cal. App. 243, 246 [2 Pac. (2d) 564]. See, also, *People* v. *Knocke*, 94 Cal. App. 55, 62 [270 Pac. 468]; *People* v. *Munson*, 115 Cal. App. 694, 697 [2 Pac. (2d) 227].

One of the alternative provisions expressed in section 1110 of the Penal Code as a necessary condition precedent to a conviction of the offense of which defendants were charged is that the false pretense in question must be accompanied by a "false token". On the trial of the action it appeared that in obtaining the automobile which was the property of which the complaining witness was alleged to have been defrauded, the defendants gave to such witness a promissory note, signed by each of the defendants and one other person. In such circumstances, and because the evi-

184

dence showed that on one occasion preceding the date of the trial one of the defendants admitted that "he never had any intention of paying the note", it is urged by the respondent herein that such promissory note was a "false token"; from which assumed fact it is argued that the defendants were not entitled to have the instruction here under consideration given to the jury. But aside from other considerations with reference thereto, it is clear that, whatever may have been the intention of the defendant who made such admission, the note itself was not false. To the contrary, it was genuine in all particulars, and from aught that appears, constituted a binding obligation upon the persons who executed it. (*People* v. *Gibbs*, 98 Cal. 661, 664 [33 Pac. 630].)

Neither is this court impressed with the merit of the further contention by respondent in substance that, because the jury was instructed that it was the sole and exclusive judge of the effect and value of the evidence and of the credibility of the several witnesses who testified on the trial of the action, no prejudice resulted to defendants from a denial of the instruction to which consideration hereinbefore has been given.

Finally, respondent suggests that an application of the provisions of section 4½ of article VI of the Constitution indicates that the judgment herein should be affirmed. By one of the terms of section 1110 of the Penal Code it is provided that a defendant cannot be convicted, "unless the pretense is proven by the testimony of two witnesses, or that of one witness and corroborating circumstances; . . . " From a consideration of such provision, together with the evidence adduced on the trial, it will become apparent that to give effect to the constitutional provision invoked by the respondent would require either that this court ignore at least that part of the statute to which attention has been directed, or that it invade the province of the jury in its legally exclusive right to pass upon the weight of the evidence and the credibility of the several witnesses. It may be that defendants are guilty of the offense of which they were convicted; but even assuming such status to be correct, if necessary or unavoidable, it is far better that they escape punishment than that the liberty of some innocent person may hereafter be jeopardized by reason of the establishment

of a legal principle in opposition to a thoroughly seasoned rule which looks solely to the protection of those innocent persons who may be either the victims of circumstance or of the spleen of some careless or vindictive individual. Following the sale or the exchange of property, it is not unusual to observe that one of the parties to the transaction becomes much dissatisfied with his bargain. It is an easy thing to charge fraud or false pretense as an inducing cause to a bad bargain; and sometimes the accused, although entirely blameless, has great difficulty in disproving the accusation. In the wisdom of the law certain safeguards, such as those enumerated in section 1110 of the Penal Code, have been ordered for the protection of the innocent. They should not lightly be cast aside.

The judgment and the order by which the motion for a new trial was denied are reversed.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 11, 1933.