[Crim. No. 1795. First Appellate District, Division One.—July 5, 1934.]

THE PEOPLE, Respondent, v. SAM BREYER, Appellant.

George M. Naus for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

THE COURT. — The defendant was charged in an indictment with grand theft and a violation of section 532 of the Penal Code.

The first count alleged that he unlawfully took the property of the Bank of America, etc., a corporation, of the value of $9,500; and the second, that for the purpose of obtaining loans from said bank he knowingly, falsely and fraudulently, with the intent to deceive and defraud, pre-

sented a written financial statement to the bank, which he represented to be true and to truly show the financial condition of a firm of which he was a member, and that the same falsely represented that the firm had certain cash on hand, cash receivable and merchandise, and that he and his partner in said firm carried certain life insurance; further, that the bank, relying thereon and being thereby deceived, loaned certain sums to the firm, and as a consequence was defrauded. The two counts were based on the same transaction. Defendant was convicted on both counts, and has appealed from the judgment of conviction.

It is admitted that in addition to the above amount the defendant by similar fraudulent representations had previously obtained large sums from the bank, and at the time of the transaction in question owed the bank on that account over $50,000. That gross fraud was perpetrated is not disputed, but defendant urges as grounds for reversal that the facts show but one offense, and that a judgment and conviction on both counts cannot stand; further, that the judgment on the second count, which was based on section 532 of the Penal Code, is void because of the repeal of said section (*People* v. *Carter,* 131 Cal. App. 177 [21 Pac. (2d) 129]); that neither count alleged more than facts sufficient to constitute a misdemeanor under section 532a of the Penal Code, and that the evidence is insufficient to support a conviction under either section 484 or section 532 of that code. It is further claimed that the trial court erred in certain of its rulings.

The attorney-general is in accord with defendant's first contention, and agrees that the facts supporting that count being identical with those set forth in the first count the judgment upon the second count should be reversed.

With respect to the first count, the defendant contends that said sections 484 and 532, which make false pretenses punishable as a felony, deal with the subject in general terms, while section 532a, making an offense thereunder a misdemeanor, deals with the subject in a more special and definite way, that consequently cases within the latter section should be excepted from the general provisions of sections 484 and 532, and that such an offender is not punishable under either of the latter sections.

 It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; and where the general act is later the special statute will be considered as remaining an exception to its terms unless it is repealed in general words or by necessary implication (59 Cor. Jur., Statutes, sec. 623, p. 1056; 23 Cal. Jur., Statutes, sec. 136, p. 762; *Ahern* v. *Livermore School Dist.*, 208 Cal. 770 [284 Pac. 1105]); ·and the rules of construction applicable to civil statutes also apply to penal statutes (59 Cor. Jur., Statutes, sec. 659, p. 1112; *State* v. *Bailey*, 115 Or. 428 [236 Pac. 1053]). According to *People* v. *Carter, supra,* section 484 of the Penal Code, which in its present form is a later enactment than the several sections mentioned, in effect repealed identical provisions of section 532 of the ´ Penal Code; and it has been frequently held that under the first section the former crimes of larceny, embezzlement and obtaining property by false pretenses are merged in the one crime of grand theft (*People* v. *Plum*, 88 Cal. App. 575 [263 Pac. 862, 265 Pac. 322]; *People* v. *Myers*, 206 Cal. 480 [275 Pac. 219]), and in charging theft it is sufficient to allege that the defendant unlawfully took the property of another (Pen. Code, sec. 952). What was said in *People* v. *Carter, supra,* as to the effect of section 484 upon the same provisions in section 532 applies to similar provisions in section 532a, and we are satisfied that in so far as the object and purpose of the provisions of the two statutes are the same it was the intention that those of the latter section should be superseded. In view of the purpose of the new procedure this appears to be the necessary implication (*People* v. *Fewkes,* 214 Cal. 142 [4 Pac. (2d) 538]).

 The evidence was ample to support a finding that the property described in the first count of the indictment was obtained by false and fraudulent representations and pretenses; and the fact that it was procured subsequent to the time when the representations were made—it being shown that the defrauded person was thereby induced to part with its property—was no defense (*People* v. *Hen-*

*nessey,* 201 Cal. 568 [258 Pac. 49]; *People* v. *Rabe,* 202 Cal. 409 [261 Pac. 303]).

■ Defendant, who offered himself as a witness, was asked on direct examination to relate conversations between himself and officers of the bank before and at the time the latter's property was obtained by defendant. He complains that the prosecution was permitted on cross-examination to inquire into the truth or falsity of a certain financial statement which he had delivered to the bank for the purpose of obtaining credit. There is no merit in this contention as the record shows that under the rule stated in the following decisions the limits of proper cross-examination were not exceeded: *People* v. *Gallagher,* 100 Cal. 466 [35 Pac. 80]; *People* v. *Teshara,* 141 Cal. 633 [75 Pac. 338]; *People* v. *Porter,* 123 Cal. App. 618 [11 Pac. (2d) 894].

■ Objections were sustained to questions asked an officer of the bank as to whether the bank could have discovered the facts as to defendant's financial condition had comparisons been made between certain statements and accounts. The officer had testified that such comparisons were not made as defendant's representations were relied upon by the bank. In *People* v. *Daniels,* 64 Cal. App. 514 [222 Pac. 387], it was held to be improper to sustain an objection to a question asked the complaining witness upon cross-examination for the purpose of ascertaining whether an independent investigation had been made; but in the absence of an independent investigation the question of what might have been discovered had one been made was immaterial, and the court properly so ruled.

The evidence fully sustains the verdict, and the record discloses no error which would justify a reversal of the judgment on the first count of the indictment. The judgment on that count is accordingly affirmed; and on the second count, for the reasons stated, it is reversed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 2, 1934, and the following opinion then rendered thereon:

THE COURT.—The petition of appellant for a hearing of this cause is hereby denied. ■ Said petition, of course,

does not ask for a hearing of that portion of the decision of the District Court of Appeal which reverses his conviction under . the second count of said indictment. This order denying said petition is, therefore, necessarily confined to that portion of the opinion dealing with appellant's conviction under the first count of said indictment, and is not to be construed as an expression of approval or disapproval of any other portion of said decision.