[Crim. No. 1470. Third Appellate District.—February 21, 1936.]

THE PEOPLE, Respondent, v. WALTER MASON, Appellant.

Leslie A. Cleary and Robert B. Fowler for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was charged by information with the crime of petit theft, and with having theretofore been convicted of a felony, to wit, burglary, and having served a term therefor in the state prison, which under the provisions of section 667 of the Penal Code, constitutes a felony.

Upon arraignment the defendant admitted the prior conviction and imprisonment therefor, but entered a plea of not guilty to the charge of petit theft. He was tried and found guilty. This appeal is from the judgment of conviction.

No claim is made that the evidence was not sufficient to support the verdict. Appellant seeks reversal upon three instructions given the jury upon behalf of the people, and that the court exceeded its jurisdiction in sentencing appellant for a felony rather than a misdemeanor.

The first instruction complained of reads in part: "If you believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant . . . unlawfully took the property of Montgomery Ward & Company . . . then you should find said defendant guilty as charged in the information."

Appellant contends this instruction failed to contain the elements of theft. Section 952 of the Penal Code provides, however, that an offense may be averred in any words sufficient to give the accused notice of the offense of which he is accused, and provides further, "In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another." The testimony clearly discloses the taking to be theft. That the allegation of the information was sufficient is held in *People* v. *Breyer*, 139 Cal. App. 547 [34 Pac. (2d) 1065]; *People* v. *Campbell*, 89 Cal. App. 646 [265 Pac. 364]; *People* v. *Plum*, 88 Cal. App. 575 [263 Pac. 862, 265 Pac. 322]. The jury were further instructed that they must find a criminal intent before the defendant could be convicted of the offense charged.

The next instruction complained of reads, "In every crime or public offense there must exist a union or joint operation of act and intent or criminal negligence, but where the act committed by the accused is of itself an unlawful act, the law in the first instance presumes the criminal intent and the onus or burden of proof falls upon the defendant to show the absence of criminal intent."

Appellant claims this instruction is erroneous in that it places upon him a burden not imposed by law. But first, under section 13 of article I of the state Constitution, the failure of the defendant to explain or deny by his testimony any evidence or facts in the case against him may be considered by the jury in determining his guilt and also the failure of a defendant to account for the possession of stolen property is a circumstance tending to show his guilt, and he is bound to explain such possession in order to remove the effect of the same as a circumstance to be considered with other

suspicious facts if any such are disclosed by the evidence. (*People* v. *Brown,* 71 Cal. App. 181 [235 Pac. 72].)

The court on several occasions clearly instructed the jury that the burden of proving every element of the offense charged was on the prosecution, and therefore the giving of the instruction complained of was not error, although the words "burden of proof" were perhaps not the most apt. It was not the burden of proof that rested upon defendant but the duty to introduce evidence sufficient to offset the presumption or to create a reasonable doubt.

■ Complaint is made by appellant also of the following instruction:

"You are instructed that in this case, although there must exist a criminal intent in the defendant, the specific intent with which the alleged act was done is in this case immaterial, it being sufficient to show that the offense was done wilfully. It is presumed that a person intends the natural consequences of an unlawful act, and therefore, if the wilful commission of the act is shown, the criminal intent is necessarily established.

"The word 'wilfully' when applied to the intent with which an act is done, implies simply a purpose or willingness to commit the act referred to. It does not require any intent to violate the law, or to injure another, or to acquire any advantage."

It is true that a similar instruction was criticized in *People* v. *Stennett,* 51 Cal. App. 370 [197 Pac. 372], as misleading and should not be given, but the court there held, and we so hold here that defendant suffered no prejudice therefrom.

■ Appellant also objects to the form of the verdict returned by the jury. The information charges defendant with the crime of petit theft, a misdemeanor, with a prior conviction, a felony. The verdict of the jury recited: "We the jury in the above entitled cause, find the defendant Walter Mason guilty of petit theft, a misdemeanor as charged in the information."

Appellant contends he was convicted of petit theft and the court therefore exceeded its jurisdiction in committing him to a state prison. At the time this verdict was returned there was no provision in the code whereby the jury were authorized to impose or recommend the punishment. Therefore,

having found the defendant guilty of the theft as ·charged and the defendant having admitted the prior conviction, section 667 of the Penal Code prescribed the penalty therefor. (*People* v. *Williams,* 125 Cal. App. 387 [13 Pac. (2d) 841].)

We have examined the instructions and the evidence introduced and are satisfied that defendant was fairly tried and legally convicted, and the errors, if any, did not result in a miscarriage of justice.

The judgment is affirmed.

Thompson, J., and Plummer, J., concurred.