[Crim. No. 2228. First Dist., Div. One. June 2, 1942.]

THE PEOPLE, Respondent, v. JAMES EDWARD BROWN, Appellant.

Jay Maurice for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

WARD, J.—Defendant appeals from judgments convicting him of petty theft, as charged in two counts, and of two prior convictions, from the order denying his motion for a new trial on each count and from all orders made before and after judgment.

A demurrer to an original information was overruled. An amended information, differing from the original only in that it alleged a second prior conviction, the first for petty theft and the second, under the provisions of Penal Code section 107, for escape as a prisoner, was filed. Defendant entered a plea of not guilty to each of said counts, and standing mute when arraigned, the court entered a plea of not guilty on the two prior convictions. Motions in arrest of judgment and for a new trial were denied.

The appellant makes two contentions in support of the appeal, namely, (1) that the information fails to state a criminal offense inasmuch as the charge of petty larceny is a mere conclusion, and (2) that the evidence is insufficient to support the judgment.

█ The counts in the information do not designate the crime charged, petty theft, as a felony or a misdemeanor. Penal Code, section 951, providing that an information may be *substantially* in the form as set forth in the section, including the designation of felony or misdemeanor, should be read in conjunction with section 950, setting forth the requisite contents of an information, which do not include a designation of the offense as a felony or misdemeanor, and section 959 as to the sufficiency of an information. Whenever possible the division into which the offense falls should be alleged (Pen. Code, § 16), but when a crime may be punished by imprisonment in the state prison or by fine or imprisonment in the county jail, it is after judgment deemed a misdemeanor,

unless a sentence of imprisonment in the state prison has been pronounced. (Pen. Code, § 17.)

Section 666, Penal Code, provides in part: "Every person who, having been convicted of petit larceny or petit theft and having served a term therefor in any penal institution, commits any crime after such conviction, is punishable therefor as follows: ... If the subsequent conviction is for petit theft, then the person convicted of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison not exceeding five years." (Pen. Code, §§ 667, 668.)

"It is established in this state, both by statute and judicial decision, that whether a crime is a misdemeanor or a felony is to be determined by the punishment; and where a crime is punishable either by incarceration in the state prison or the county jail, the sentence actually given determines the nature of the offense." (*In re Rosencrantz*, 211 Cal. 749, 751 [297 Pac. 15].) In charging theft, it is sufficient to allege that the defendant unlawfully took the property of another. (Pen. Code, § 952; *People* v. *Mason*, 12 Cal. App. (2d) 84 [55 P. (2d) 249]; *People* v. *Myers*, 206 Cal. 480 [275 Pac. 219].)

It does not appear, as appellant contends, that a departure from the terms of Penal Code section 951 in respect to the designation of the offense or in the failure to use the word "feloniously" in the charging part of the information, prejudiced the defendant herein. The information substantially followed the language of the section. The court on each count found the prior convictions to be true.

On one of the counts the evidence shows that defendant visited a gas station and asked the attendant who worked there on Sundays only whether he knew a Dr. Stevens, for whom defendant said he acted as chauffeur and who was a regular patron of the station. He informed the attendant that he had won $52 from a lady in a poker game the night before, and he was obliged to show her that he could have paid had he lost. After further conversation, the attendant advanced $45 to the defendant who signed the name "Willie Brooks" to a Standard service "Credit Courtesy Card Delivery Receipt," showing the "product" delivered as "Cash," and the amount as $45. They then walked to a nearby corner, where defendant requested the attendant to wait while he went to the house where he said he had been the night before. He received no response to his knock at the door and he then went around to the back. This was the last

the attendant saw of him until defendant's arrest. The evidence on the other count disclosed a similar technique. For the purpose of showing a common plan and scheme to commit theft, evidence of a third similar transaction was introduced.

Appellant admitted obtaining the money but testified that it constituted a loan. An inspector of police testified that appellant made the following statement: "This is the way I operate: I go to a service station in a dwelling district . . . and I tell them I am a chauffeur for Doctor So and So, who lives up on the hill. The service station attendant thinks maybe I am. Then I bring out a deck of cards and show how fast I am. I pull off a few at the top and a few off the bottom of the deck in a second or so and get him interested. Then I tell him there is a poker game not far away, if I had a few dollars I could make him some money. Maybe I will come back in a little while. He loans me a few dollars. I stay awhile and I phone him and tell him things are going pretty good, I need a few more dollars. I go back and borrow some money from him and get him to make an I. O. U. I manage to get it before I leave because that is my best defense, if I can prove he gave me that I. O. U." Another inspector testified that at the time of his arrest "Brown said 'Don't bring in any more of those fellows. I clipped them all.' I said 'Brown, this is serious. You got out of the County Jail two days ago and you spend two days clipping these gas stations the way you have.' He said 'Listen, I will never be broke as long as there are suckers like those around.' "

Appellant urges that the evidence as above related is insufficient to sustain the judgment. This contention is based upon the theory that if any crime was committed it was that of obtaining money by false pretenses. He claims that the money obtained was a loan.           ,

Larceny and obtaining money by false pretenses constitute theft as that offense is defined in section 484, Penal Code. (*People* v. *Carter,* 131 Cal. App. 177 [21 P. (2d) 129]; *People* v. *Plum,* 88 Cal. App. 575 [263 Pac. 862, 265, Pac. 322] ; *People* v. *Myers, supra; People* v. *Breyer,* 139 Cal. App. 547 [34 P. (2d) 1065, 1067].) The evidence establishes theft by fraudulent representation. Whether the money obtained was a loan was a question of fact to be determined by the trial court. The statements of the police officers,—which are corroborated by other circumstances,—that "I clipped them all" and "I will never be broke as long as there are suckers

like those around'' are certainly sufficient to determine beyond a reasonable doubt that the money obtained did not in fact represent loans.

The judgments and order denying the motion for a new trial are affirmed.

Peters, P. J., and Knight, J., concurred.