[Crim. No. 4206.   First Dist., Div. Three.   Sept. 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. PATRICK FARINA, Defendant and Appellant.

Edward L. Cragen for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—Patrick Farina and Albert Gloria were charged with burglary (Pen. Code, § 459) and conspiracy to tamper with a motor vehicle (Pen. Code, § 182). After trial by jury both defendants were found guilty on both counts. The appeal of defendant Gloria has been withdrawn, and only the appeal of defendant Farina is before us.

Deputies of the San Mateo County Sheriff's office had been detailed to observe the parking lot at the San Francisco International Airport. Deputy Pipkin was stationed on the second tier of the airport building and was scanning the parking lot through 10-power binoculars. Deputies Richardson and Eng were in the parking lot, and in communication

with Deputy Pipkin by radio. Pipkin observed the defendants in the parking lot, and saw them attempt to gain entry to a blue Ford automobile. Pipkin also saw the driver of a Mercury station wagon park and lock his car near defendants. When the driver left the Mercury station wagon, the defendants approached it and after some effort at the doors and tailgate succeeded in gaining entry through the right front door. Officer Pipkin saw the interior light of the Mercury vehicle as the door of the car was opened, and saw defendant Farina enter the car. The officers in the parking lot were alerted by radio, and also observed both Farina and Gloria in their activities, and arrested them as they left the Mercury. Defendants first claimed the Mercury belonged to a friend. Defendants were searched and each had a set of keys capable of opening the Mercury. Both defendants explained their possession of numerous car keys on the ground they were automobile wholesalers.

■ Appellant Farina contends that tampering with a motor vehicle in violation of Vehicle Code section 10852 cannot be the object of a conspiracy under Penal Code section 182. This contention has merit, and requires reversal of his judgment of conviction on the conspiracy charge.

Vehicle Code section 10852 provides: ''No person shall either individually or in association with one or more other persons, wilfully injure or tamper with any vehicle or the contents thereof or break or remove any part of a vehicle without the consent of the owner.''

In *In re Williamson*, 43 Cal.2d 651, 654 [276 P.2d 593], the petitioner and four others were indicted on three counts of grand theft and one count of conspiracy to commit the crime of contracting without a license in violation of section 7028 of the Business and Professions Code. Business and Professions Code section 7030 then read: ''Any person who acts in the capacity of a contractor without a license, and any person who conspires with another person to violate any of the provisions of this chapter is guilty of a misdemeanor.'' The petitioner in *In re Williamson* contended that he could only be punished for a misdemeanor under the provisions of Business and Professions Code section 7030 and not the felony charge of conspiracy in violation of Penal Code section 182. The Supreme Court agreed. Quoting from *People* v. *Breyer*, 139 Cal.App. 547, 550 [34 P.2d 1065, 1067], the court said: ''It is the general rule that where the general statute standing alone would include the same matter as the

special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.''

There can be no doubt that Vehicle Code section 10852 is a special statute within the meaning of that term as used in *In re Williamson, supra*. It appears in a division of the Vehicle Code entitled ''Special Antitheft Laws,'' and its purpose is to prohibit the conduct therein described and to punish those who violate its terms. ■ We must give the words ''in association with'' their usual, ordinary and commonly understood meaning (45 Cal.Jur.2d, Statutes, § 139; *Dupuy* v. *McColgan*, 112 Cal.App.2d 237 [246 P.2d 155]). The word ''association'' is generally used to indicate a group of persons who have joined together for some common purpose. Thus, in *Stampolis* v. *Lewis*, 186 Pa.Super. 285 [142 A.2d 348, 349], it was said: ''...the word 'association' is used to indicate a collection of persons who have united or joined together for some special purpose or business....'' An ''association'' as defined by Bouvier's Law Dictionary, page 269, is ''The act of a number of persons in uniting together for some purpose. The persons so joining.'' The criminal act in a conspiracy is the agreement or common design. (Witkin, Cal. Crimes, § 107; *People* v. *Hess*, 104 Cal.App.2d 642, 674 [234 P.2d 65].) It seems clear that the Legislature by use of the words ''in association with one or more other persons'' in Vehicle Code section 10852 intended to reach those who conspire to violate its terms, and for this reason appellant is not subject to the felony charge of conspiracy described in count 2 of the information, but is subject only to a charge under Vehicle Code section 10852.

■ Appellant further contends that his arrest and search were illegal and that the keys and money obtained upon his arrest were improperly admitted into evidence. There is no exact formula by which the reasonableness of an arrest may be determined. Each case must necessarily be decided upon its own facts. Generally, if facts exist which would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that a person is guilty of a crime, an arrest is justified. (See *People* v. *Ingle*, 53 Cal.2d 407, 412-413 [2 Cal.Rptr. 14, 348 P.2d 577].) ■ ■ Here, at least one officer observed appellant attempt entry of a first vehicle, and later make a successful entry of the Mercury station wagon. Other officers also observed the suspicious conduct of appellant while he was in the parking lot and near the station wagon. Under circum-

stances here present the officers were fully justified in arresting appellant as he was leaving the scene, and there was no violation of appellant's constitutional rights in receiving in evidence the keys and money obtained by the officers at the time of arrest.

Appellant also contends that the deputy district attorney was guilty of misconduct in argument to the jury, and that such misconduct requires reversal. The comments of the deputy district attorney are set out at length in the briefs and in the record. We have examined them carefully. It would unduly extend this opinion to repeat them here. It is sufficient for us to say that none of the comments were of such character as to require a reversal of the judgment. Moreover, at trial, appellant made no objection whatever to the comments he now assigns as error. It is incumbent upon a defendant to object to argument he deems improper if he intends to take advantage of such a claim on motion for new trial or appeal. The exceptions to this rule, described in *People* v. *Berryman*, 6 Cal.2d 331, 337 [57 P.2d 136], are not here applicable, because on its facts this is not a close case, and the deputy district attorney's comments were not of such character that any harmful effect they might have had could not have been entirely obviated by a proper admonition from the trial judge.

Other objections of appellant, including a claimed insufficiency of the evidence, are so lacking in merit that they do not require discussion.

The judgment of conviction of conspiracy in violation of Penal Code section 182 is reversed; in all other respects the judgment is affirmed.

Draper, P. J., and Devine, J., concurred.