TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 91-506 |
| of | : | |
| | : | November 7, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE ROSS JOHNSON, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May the Department of Motor Vehicles disclose individual mailing and residence addresses contained in its records to the following persons or businesses: (1) vehicle manufacturers for vehicle recall purposes, (2) persons and firms which have a lien on a vehicle for towing or storage purposes, (3) persons involved in service of process, (4) vehicle dealers, (5) vehicle dismantlers, (6) insurance companies, and (7) financial institutions?

CONCLUSION

If the Department of Motor Vehicles has been provided with a mailing address different from an individual's residence address, it may disclose such mailing address to (1) vehicle manufacturers for vehicle recall purposes, (2) persons and firms which have a lien on a vehicle for towing or storage purposes, (3) persons involved in service of process, (4) vehicle dealers, (5) vehicle dismantlers, (6) insurance companies, and (7) financial institutions. It may disclose an individual's residence address under limited conditions to the above-named persons or businesses, except persons involved in service of process (unless through an attorney in limited situations) and vehicle dismantlers.

ANALYSIS

In general the records of the Department of Motor Vehicles ("Department") "shall be open to public inspection during office hours." (Veh. Code, § 1808.)[1] Also, generally, the

---

[1]All section references as to the Vehicle Code unless otherwise specified.

Department is authorized to sell the information in its files and "charge sufficient to pay the actual cost to the Department for providing the inspection or sale of the information." (§ 1810, subd. (a).)

The Legislature, however, has placed restrictions upon the disclosure of certain of the Department's records. We are concerned in this opinion with sections 1808.21, 1808.22, and 1808.23 relating to the mailing and residence addresses of individuals contained in the Department's records.

Section 1808.21 provides:

"(a) Any residence address in any record of the department is confidential and shall not be disclosed to any person, except a court, law enforcement agency, or other government agency, or as authorized in Section 1808.22.

"(b) Release of any mailing address or part thereof in any record of the department may be restricted to a release for purposes related to the reasons for which the information was collected, including, but not limited to, the assessment of driver risk, or ownership of vehicles or vessels. This restriction does not apply to a release to a court, a law enforcement agency, or other governmental agency, or a person who has been issued a requester code pursuant to section 1810.2.

"(c) Any persons providing the department with a mailing address shall declare, under penalty of perjury, that the mailing address is a valid, existing, accurate mailing address and shall consent to receive service of process pursuant to subdivision (b) of Section 415.20, subdivision (a) of Section 415.30, and Section 416.90 of the Code of Civil Procedure at the mailing address."[2]

Section 1808.22 states in part:

"(a) Section 1808.21 does not apply to a financial institution licensed by the state or federal government to do business in the State of California which states under penalty of perjury that it has obtained a written waiver of Section 1808.21 signed by the individual whose address is requested, or to providing the address of any person who has entered into an agreement held by that institution prior to July 1, 1990, so long as that agreement remains in effect.

"(b) Section 1808.21 does not apply to an insurance company licensed to do business in California when the company, under penalty of perjury, requests the information for the purpose of obtaining the address of another motorist or vehicle owner involved in an accident with their insured, or requests the information on an

_____

[2]Subdivision (a) of section 1810.2 states:

"The department may establish commercial requester accounts for individuals or organizations and issue requester codes for the purpose of obtaining information from the department's files, except as prohibited by section 1808.21."

Code of Civil Procedure sections 415.20, 415.30, and 416.90 authorize in part the service of a summons by mailing to the person a copy of the summons and the complaint.

individual who has signed a written waiver of Section 1808.21 or the individuals insured under a policy if a named insured of that policy has signed a written waiver.

"(c) Section 1808.21 does not apply to an attorney when the attorney states, under penalty of perjury, that the motor vehicle or motorcycle registered owner or driver residential address information is necessary in order to represent his or her client in a criminal or civil action which directly involves the use of the motor vehicle ...."

Section 1808.23 provides:

"(a) Section 1808.21 does not apply to a vehicle manufacturer licensed to do business in this state if the manufacturer, or its agent, under penalty of perjury, requests and uses the information only for the purpose of safety, warranty, emission, or product recall if the manufacturer offers to make and makes any changes at no cost to the vehicle owner.

"(b) Section 1808.21 does not apply to a dealer licensed to do business in this state if the dealer, or its agent, under penalty of perjury, requests and uses the information only for the purpose of completing registration transactions and documents.

"(c) Section 1808.21 does not apply to a person who, under penalty of perjury, requests and uses the information as permitted under subdivision (h) of Section 1798.24 of the Civil Code, if the request specifies that no persons will be contacted by mail or otherwise at the address included with the information released. The information released by the department under this subdivision shall not be in a form that identifies any person.

"(d) Residential addresses released under this section shall not be used for direct marketing or solicitation for the purchase of any consumer product or service."[3]

We are asked herein whether the Department may disclose individual mailing and residence addresses contained in its records to a number of persons or businesses.[4] The questioned persons or firms are: (1) vehicle manufacturers for vehicle recall purposes, (2) persons or firms which have a lien on a vehicle for towing or storage purposes, (3) persons involved in service of

---

[3]Civil Code section 1798.24, subdivision (h) allows the disclosure of personal information by a state agency "[t]o a person who has provided the agency with advance adequate written assurance that the information will be used solely for statistical research or reporting purposes, but only if the information to be disclosed is in a form that will not identify any individual."

[4]We also note Government Code section 6254.1, a provision of the Public Records Act, which provides in its subdivision (b):

"Nothing in this chapter requires the disclosure of the residence or mailing address of any person in any record of the Department of Motor Vehicles except in accordance with Section 1808.21 of the Vehicle Code."

process, (4) vehicle dealers, (5) vehicle dismantlers, (6) insurance companies, and (7) financial institutions.

## 1. Rules of Statutory Construction

In construing these legislative enactments, we are guided by a number of rules of statutory construction. The first is that "[w]hen statutes express certain exceptions to a general rule, other exceptions are not to be implied or presumed." (*Whaler's Village Club v. California Coastal Com.* (1985) 173 Cal.App.3d 240, 258.) As stated in the recent case of *People v. Melton* (1988) 206 Cal.App.3d 580, 592-593:

"Exceptions to the general rule of a statute are strictly construed. (*The City of National City v. Fritz* (1949) 33 Cal.2d 635, 636.) The rule of strict construction of exceptions is not opposed to the requirement of liberal construction of the codes. (*Merchants Nat. Bk. v. Continental Nat. Bk.* (1929) 98 Cal.App. 523, 533.) In the event of statutory ambiguity or uncertainty, the maxim *expresio unius est exclusio alterius* is applicable. (*Williams v. Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 603.) Under this maxim, the enumeration of acts, things, or persons as coming within the operation or exception of a statute will preclude the inclusion of other acts, things, or persons in the class. (See *People v. Mancha* (1974) 39 Cal.App.3d 703, 713.) If a statute contains an express exception or exceptions, it will be presumed no others were intended. (*People ex rel. Cranston v. Bonelli* (1971) 15 Cal.App.3d 129, 135.)"

On the other hand, as expressed in *Hays v. Wood* (1979) 25 Cal.3d 772, 784:

". . . `The courts assume that in enacting a statute the Legislature was aware of existing, related laws and intended to maintain a consistent body of statutes. (*Stafford v. Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805; *Lambert v. Conrad* (1960) 185 Cal.App.2d 85, 93; 1 Sutherland, Statutory Construction (3d ed.) § 2012, pp. 461-466.) Thus there is a presumption against repeals by implication; they will occur only where the two acts are so inconsistent that there is no possibility of concurrent operation, or where the later provision gives undebatable evidence of an intent to supersede the earlier; the courts are bound to maintain the integrity of both statutes if they may stand together.'. . . "

Furthermore, as explained in *In Re Williamson* (1954) 43 Cal.2d 651, 654:

"`It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; and where the general act is later the special statute will be considered as remaining an exception to its terms unless it is repealed in general words or by necessary implication.' (*People v. Breyer*, 139 Cal.App. 547, 550; *Riley v. Forbes* 193 Cal. 740, 745.)"

Finally, amendments to or repeals of statutes may be implied where there is no reasonable basis for harmonizing the two statutes. (See, e.g., *Western Oil & Gas Assn. v. Monterey Bay Unified Air Pollution Control Dist.* (1989) 49 Cal.3d 408, 419-420; *People v. Eaker* (1980) 100 Cal.App.3d. 1007, 1016.)

## 2. Section 1808.23

Section 1808.23 was enacted by chapter 1635 of the Statutes of 1990. Of necessity, it must be considered an additional exception to the confidentiality provisions relating to mailing and residence addresses contained in section 1808.21. Section 1808.23 specifically states that as to the businesses and persons and purposes set forth therein, "[s]ection 1808.21 does not apply." There is no basis for harmonizing sections 1808.21 and 1808.23 except by following this directive of the latter statute. Likewise, section 6254.1 of the Government Code must also be deemed to incorporate such an implied exception to section 1808.21.

## 3. Disclosure of Mailing Addresses

The Legislature authorizes individuals to provide the Department with a mailing address in addition to a residence address. (See §§ 4150, 4150.2, 12800, 38040, 38041, 38075.) In such cases, the Department may disclose the mailing address to all the persons and business firms under consideration herein, as well as to anyone else, for the purposes of service of process by mail. (§ 1808.21, subd. (c).)

It may also release mailing addresses to all of the persons or businesses at issue herein, as well as to anyone else, for any purpose. However, it has the discretion to limit such release "to the reasons for which the information was collected." (§ 1808.21, subd. (b).)[5]

As to those persons or businesses listed in sections 1808.22 and 1808.23, the Department is authorized as a matter of course to release mailing addresses to them for the purposes set forth in these latter statutes, unaffected by the language of section 1808.21. This is because sections 1808.22 and 1808.23 both declare that "[s]ection 1808.21 does not apply" in their specified circumstances. Persons covered by sections 1808.22 and 1808.23 include (1) vehicle manufacturers for vehicle recall purposes, (2) attorneys involved in vehicle related litigation, (3) vehicle dealers, (4) insurance companies, and (5) financial institutions. Not included are persons or firms having liens on vehicles for storage or towing purposes and vehicle dismantlers.

## 4. Disclosure of Residence Addresses

Sections 1808.21, 1808.22, and 1808.23 together specify that individual residence addresses are confidential and are not to be disclosed to private parties or firms except as authorized by sections 1808.22 and 1808.23. Accordingly, since additional exceptions are not to be implied, the Department is authorized by these sections to disclose residence addresses only to the persons and businesses set forth in sections 1808.22 and 1808.23.

Disclosure of residence addresses is thus limited here to the following persons in question: (1) vehicle manufacturers for recall purposes, (2) attorneys involved in vehicle related litigation, (3) vehicle dealers, (4) insurance companies, and (5) financial institutions, and solely for the purposes or on the conditions set forth in sections 1808.22 and 1808.23. Persons or firms having a lien on vehicles for storage purposes, persons involved in service of process (unless through the

---

[5]This latter limitation at the discretion of the Department is inapplicable if the requester has been issued a commercial requester code. (§ 1808.21, subd. (b).)

specified attorney exception), and vehicle dismantlers are not included under the terms of sections 1808.22 and 1808.23.

While these statutory provisions of the Vehicle Code may not apply to persons or firms which have liens on vehicles for storage purposes, an examination of the law relating to the foreclosure of such liens (Civ. Code, § 3067 et seq.) discloses that the latter law *requires* notification by the lienholder by certified mail to the "registered and legal owner of the vehicle" and "[a]ll persons known to have an interest in the vehicle" (Civ. Code, § 3071, subd. (f)(2)) prior to the sale of the vehicle. Clearly, if the addresses of such persons are unknown by the lienholder and only residence addresses are on record with the Department, the lienor would be prevented from complying with his or her statutory duty unless the Department discloses those addresses.

We believe the rule of statutory interpretation which should be applied here is that a special statute (Civ. Code, § 3071) constitutes an exception to a later enacted general statute (§ 1808.21). The Legislature "in enacting a statute was aware of existing, related laws and [is presumed to have] intended to maintain a consistent body of statutes." (*Hays v. Wood, supra*, 25 Cal.3d 772, 784.) Such conclusion is not inconsistent with those cases which have refused to imply additional exceptions to a statute. They did not involve a prior law such as section 3071 of the Civil Code where an exception was necessary to maintain the integrity of that prior law.

As to the remaining type of business at issue herein, vehicle dismantlers, we find nothing in the law which requires them to notify the vehicle owners (or anyone else) at the address set forth in the Department's records. (See § 11520.) Accordingly, the Department may not disclose residence addresses to them.

In summary, mailing addresses (when different from residence addresses) may be disclosed to all the persons and businesses involved herein, as well as to anyone else. Residence addresses may also be disclosed under the terms and conditions and for the purposes set forth in sections 1808.22 and 1808.23 to the persons and businesses in question except lienors and vehicle dismantlers. Civil Code section 3071 may require the disclosure of residence addresses to persons and firms which have a lien on a vehicle for towing or storage purposes.

* * * *